| | |
|---|---|
| Li Nowlin-Sohl* | Alexia D. Korberg* |
| (admitted only in Washington) | Jackson Yates* |
| Leslie Cooper* | Dana L. Kennedy* |
| Taylor Brown* | Jordan Orosz* |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 125 Broad St. | 1285 6th Avenue |
| New York, NY 10004 | New York, NY 10019 |
| Tel: (212) 549-2584 | Tel: (212) 373-3000 |
| lnowlin-sohl@aclu.org | akorberg@paulweiss.com |
| lcooper@aclu.org | jyates@paulweiss.com |
| tbrown@aclu.org | dkennedy@paulweiss.com |
| | jorosz@paulweiss.com |
| Richard Eppink (ISB no. 7503) | Eric Alan Stone* |
| Casey Parsons (ISB no. 11323) | Ariella C. Barel* |
| WREST COLLECTIVE | GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP |
| 812 W. Franklin St. | |
| Boise, ID 83702 | 565 5th Avenue, Suite 2900 |
| (208) 742-6789 | New York, NY 10017 |
| ritchie@wrest.coop | (332) 269-0030 |
| casey@wrest.coop | eric.stone@groombridgewu.com |
| | ariella.barel@groombridgewu.com |

*Attorneys for Plaintiffs*                     \* *Pro hac vice* application pending

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION**

| | |
|---|---|
| **PAM POE**, by and through her parents and next friends, Penny and Peter Poe; **PENNY POE**; **PETER POE**; **JANE DOE**, by and through her parents and next friends, Joan and John Doe; **JOAN DOE**; **JOHN DOE**, <br><br>                      Plaintiffs, <br><br>                  v. <br><br> **RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **JAN M. BENNETTS**, in her official capacity as County Prosecuting Attorney for Ada, Idaho, and the **INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION**, in their official capacities, <br><br>                      Defendants. | Case No.  1:23-cv-00269 <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYMS** |

**Introduction**

Plaintiffs are transgender youth and their parents. They bring this action to protect their right to obtain necessary gender-affirming medical care, by challenging the constitutionality of H.B. 71, which prohibits the provision of gender-affirming medical care to transgender youth and which Governor Little signed into law on April 4, 2023. Plaintiffs move here for permission to proceed under pseudonyms in this case. They do so because of the history of violence and harassment towards transgender people and those who support them, and the heightened publicity and scorn often directed at plaintiffs in litigation such as this. H.B. 71 bans certain healthcare for minors. No child should have to publicly identify themselves to challenge that law.

Plaintiffs therefore respectfully request that the Court allow Plaintiffs Pam Poe and Jane Doe, both minor children, and their parents and next friends, Plaintiffs Penny and Peter Poe and Joan and John Doe, to proceed under pseudonyms to protect their privacy and ensure their safety. Parties may preserve their anonymity in judicial proceedings "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000). This Court has previously granted such a motion under very similar circumstances, recognizing the potential harm from revealing the identities of a minor plaintiff and her parents challenging a law targeting transgender girls and women. *See generally* Order on Plaintiffs' Motion for Minor and Her Next Friends to Proceed Under Pseudonyms (Dkt. 9), *Hecox v. Little*, No. 1:20-cv-00184-DCN. Dkt. 48 at 2–3 (June 12, 2020). Plaintiffs ask that the Court do so here as well.

**Argument**

    A.    **Plaintiffs Should Be Permitted to Proceed Under Pseudonym To Protect the Privacy of the Minor Plaintiffs.**

The Federal Rules require protecting the identities of minors in court filings by using their initials rather than their full names. *See* Fed. R. Civ. P. 5.2(a)(3). In addition, courts routinely allow minors to proceed under pseudonym, recognizing the "heightened protection" appropriate for minor plaintiffs. *See, e.g., Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (noting the "special vulnerability" of minor plaintiffs). And courts always have "discretion to allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *D.T. v. Armstrong*, Case No. 1:17-cv-00248-EJL, 2017 WL 2636519, at *1 (D. Idaho June 16, 2017) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068–69) (internal quotations omitted).

Pam Poe and Jane Doe are minors. Poe Decl. ¶ 3; Doe Decl. ¶ 3. Both seek to proceed under pseudonym in order to adequately protect their privacy. Poe Decl. ¶ 8; Doe Decl. ¶ 8. Appearing by their initials is insufficient to protect their privacy because the complaint discloses details that, when combined with their initials, would reveal their identities. *Id*.

For example, the complaint discloses that Pam Poe is a transgender fifteen-year-old girl, and it discloses her hobbies, interests, and unique experiences. Compl. ¶¶ 71–81. Likewise, the complaint discloses that Jane Doe is a transgender sixteen-year-old girl, and it discloses her hobbies, academic interests, and unique experiences. Compl. ¶¶ 82–94. This information plus their initials would be sufficient to reveal these minor plaintiffs' identities to anyone motivated to uncover their identities and do them harm. Poe Decl. ¶ 8; Doe Decl. ¶ 8. The only way to

protect their identities while placing relevant facts before the Court is to allow them to proceed under pseudonym.

Likewise, both Pam Poe's and Jane Doe's next friends and parents should be allowed to proceed anonymously.  Each minor Plaintiff shares the same last name as her parents.  Poe Decl. ¶ 8; Doe Decl. ¶ 8.  Revealing their parents' names would effectively identify the minors' names.  *Id*.  This Court can, and should, protect against this breach of the minor Plaintiffs' privacy.  *See Stegall*, 653 F.2d at 186; *Porter*, 370 F.3d at 561.

### B. Plaintiffs Should Be Permitted to Proceed Under Pseudonym to Protect Them from Harm.

Concealing Pam Poe and Jane Doe's identities is a sufficient goal in its own right, given that they are minors, and this is a case about their healthcare.  But there is a separate, independently sufficient reason to permit pseudonymous litigation here:  Publication of any of the Plaintiffs' identities would put them in harm's way.  The Ninth Circuit has recognized the importance of allowing plaintiffs to proceed under pseudonym "when identification creates a risk of retaliatory physical or mental harm" and "the need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Advanced Textile*, 214 F. 3d at 1068.  Further, courts have recognized that threats of harassment and violence especially favor anonymity.  See *Doe v. New Ritz, Inc.*, Case No. WDQ-14-2367, 2015 WL 4389699 at *2, n.12 (D. Md. July 14, 2015) (citing *Doe v. Stegall*, 653 F.2d at 186).  All criteria for anonymity are satisfied here.

First, all Plaintiffs face a serious risk of retaliatory physical or mental harm if their identities are revealed.  The subject matter of the complaint is one of highly contentious, highly public debate and scrutiny.  The Idaho legislature has passed several bills in recent years limiting the rights of transgender people, including H.B. 500, which prohibits transgender female athletes

from participating in women's sports,[1] S.B. 1100 which prohibits transgender individuals from using the bathroom consistent with their gender identities,[2] and H.B. 71, which Plaintiffs challenge here.  As similar laws have passed in other states throughout the country, the topic of banning gender-affirming medical care for minors has garnered national debate and attention.[3]  By challenging a statewide law that has received such widespread media attention, Plaintiffs, including minor children, are at risk of harassment and harm.  This is evidenced by the derogatory and harassing statements made in response to the ACLU's public Twitter post about the impact of H.B. 71 on transgender youth in Idaho.[4]

This is not specific to Idaho, to be clear.  Transgender people, and non-transgender people who support the transgender community, are often targets of violence.  Courts have recognized as much.  "[T]here exist numerous documented instances of those targeted for violence based on their . . . gender identity."  *Whitaker ex rel. Whitaker v. Kenosha Unified Sch.*

---

[1] *See, e.g.*, Madison Hardy, *Transgender athletes bill passes senate committee; will be amended by full senate Monday*, Idaho County Free Press (Mar. 14, 2020), https://www.idahocountyfreepress.com/news/transgenderathletes-bill-passes-senate-committee-will-be-amended-by-full-senatemonday/article_986cb92c-6596-11ea-90ad-1b1d2c5c15c4.html; Talya Minsberg, *'Boys Are Boys and Girls Are Girls': Idaho Is First State to Bar Some Transgender Athletes*, N.Y. Times (Apr. 1, 2020), https://www.nytimes.com/2020/04/01/sports/transgender-idaho-ban-sports.html.
[2] *See* Sydney Kashiwagi, *Idaho governor signs bill that restricts transgender students' bathroom use in schools*, CNN (Mar. 25, 2023), https://www.cnn.com/2023/03/25/politics/idaho-bathroom-bill-brad-little-transgender-youth/index.html
[3] *See, e.g.*, Francesca Paris, *Bans on Transition Care for Young People Spread Across the U.S.*, N.Y. Times (Apr. 17, 2023), https://www.nytimes.com/2023/04/15/upshot/bans-transgender-teenagers.html#:~:text=Ten%20states%20in%20the%20past,surgery%20for%20people%20under%2018; Geoff Mulvihill, *Conflict over transgender rights simmers across the US*, AP News (Apr. 28, 2023), https://apnews.com/article/lgbtq-laws-states-gender-affirming-zephyr-fc2528326823c8232cb0aaa7ece0beab.
[4] ACLU (@ACLU), Twitter (Apr. 30, 2023, 12:21 P.M.) https://twitter.com/ACLU/status/1652709652608565252?cxt=HHwWiIC-iYarze8tAAAA

*Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *see also In re E.P.L.*, 26 Misc. 3d 336, 338 (N.Y. Sup. Ct. 2009). This violence often extends to family members and others who support transgender people, including those who treat them.[5]

Plaintiffs are concerned for their safety, in terms of discrimination, harassment, and property damage. Poe Decl. ¶ 8; Doe Decl. ¶ 8. Sadly, those concerns are well founded and reasonable.

On the other hand, there is no risk of prejudice to the opposing parties in this matter from allowing Plaintiffs to proceed pseudonymously. The Plaintiffs are willing to provide their

---

[5] *See, e.g.*, Anna Orso, *Philadelphia man dies by suicide after video goes viral of him defending relationship with trans girlfriend, friends say*, Philadelphia Inquirer (Aug. 22, 2019), https://www.inquirer.com/news/maurice-willoughby-died-by-suicide-after-viral-video-defending-transgender-girlfriend-20190822.html (describing death by suicide of cisgender man who was harassed for being in a relationship with a transgender woman); Barbara Findlay, *Acting Queerly: Lawyering for Trans People in Trans/Forming Feminisms: Trans-Feminist Voices Speak Out*, 145, 150–51 (Krista Scott-Dixon, ed.) (2006) (describing social ostracism of cisgender attorney who represented transgender woman); *Brandon Teena's Killers: 25 Years Later*, Forensic Files Now (Apr. 12, 2019), https://forensicfilesnow.com/index.php/2019/04/12/brandon-teenas-killers-25-years-later/comment-page-1/ (describing murder of transgender man, cisgender woman in a relationship with the transgender man, and a cisgender man who was staying with them); Michael Rowe, *Remembering Pfc. Barry Winchell on the 10th Anniversary of His Murder*, HuffPost (Dec. 6, 2017), https://www.huffpost.com/entry/taps-for-barry-winchell-r_b_226004 (describing murder of a cisgender man for being in a relationship with a transgender woman); Emily McCombs, *Christian, Conservative And Parenting A Transgender Child in Texas*, HuffPost (Mar. 2, 2017, 5:19 PM), https://www.huffpost.com/entry/kimberly-and-kai-shappley-transgenderchild-bathroom-rights_n_58b5b5b6e4b060480e0c4393 (describing family and friends of cisgender woman rejecting her after she began support her transgender daughter); Megan Messerly, *Health care access for trans youth is crumbling — and not just in red states*, Politico (Apr. 23, 2023), https://www.politico.com/news/2023/04/23/docs-who-treat-trans-youth-under-attack-00093322 (describing death threats, harassment, fears of litigation, and lack of support from institutions that undermines providers' ability to provide care to transgender individuals).

identities to the Defendants in discovery pursuant to a confidentiality order. Their application here is merely to avoid *public* disclosure. Thus, allowing Plaintiffs to file under a pseudonym will not prejudice the opposing parties in investigating the claims or presenting a defense. Furthermore, pseudonyms will not "'obstruct public scrutiny of the important issues in this case.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2020) (quoting *Advanced Textile*, 214 F.3d at 1072); *see also Armstrong*, 2017 WL 2636519 at *2 (noting that anonymity may actually further public interest in disclosure, since it may lead to fuller disclosure of sensitive information the plaintiff would otherwise not put forward). The facts presented are sufficient to provide the public information about the case without disclosing Plaintiffs' names and identities.

### Conclusion

That Pam Poe and Jane Doe are minors, the nature of the private information at issue, the history of violence and harm to the transgender community and those who defend and associate with them, and the contentious nature of this dispute all support anonymity in this case. Granting this motion will not prejudice the Defendants or the public. For the foregoing reasons, the motion to proceed under pseudonym should be granted.

| | |
|---|---|
| Dated:  May 31, 2023 | Respectfully submitted, |
| | /s/ |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| | |
| /s/ Li Nowlin-Sohl<br>Li Nowlin-Sohl | /s/ Alexia D. Korberg<br>Alexia D. Korberg |

7

| | |
|---|---|
| /s/ Leslie Cooper<br>Leslie Cooper | /s/ Jackson Yates<br>Jackson Yates |
| /s/ Taylor Brown<br>Taylor Brown | /s/ Dana L. Kennedy<br>Dana L. Kennedy |
| | /s/ Jordan Orosz<br>Jordan Orosz |
| WREST COLLECTIVE | GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP |
| /s/ Richard Eppink<br>Richard Eppink | |
| | /s/ Eric Alan Stone<br>Eric Alan Stone |
| /s/ Casey Parsons<br>Casey Parsons | |
| | /s/ Ariella C. Barel<br>Ariella C. Barel |

8