**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**DAYTON P. REED**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID  83702
Telephone:  (208) 287-7700
Facsimile:  (208) 287-7719
Idaho State Bar No. 10775
Email: civilpafiles@adacounty.id.gov

*Attorney for Ada County Prosecuting Attorney Jan M. Bennetts*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAM POE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAÚL LABRADOR, et al., <br><br> Defendants. | **Case No. 1:23-cv-269-BLW** <br><br> **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DKT. 32)** |

Defendant Jan M. Bennetts, Ada County Prosecuting Attorney, opposes Plaintiffs' motion for preliminary injunction (dkt. 32) on the grounds that the Court lacks subject matter jurisdiction over claims against her, and that Plaintiffs have failed to state a claim against her—as explained in the *Memorandum in Support of Ada County Prosecuting Attorney Jan M. Bennetts' Motion to Dismiss* (dkt. 51-1). Prosecutor Bennetts requests that the Court incorporate those arguments into this opposition.

Plaintiffs' arguments in favor of their motion for preliminary injunction lend support to the position that Prosecutor Bennetts need not, and should not, be a defendant in this lawsuit. Plaintiffs

make clear that "a facial statewide injunction is 'necessary to give [Plaintiffs] the relief to which they are entitled.'" (Dkt. 32-1, p. 28.) They take the firm position that a narrower scope would not be sufficient. (Dkt. 32-1, pp. 28–29.) They argue that their requested statewide facial injunction would have the same effect as class-wide relief, observing that "[a]ny judgment implicating the constitutionality of [the state statute] would be binding on all Defendants." (Dkt. 32-1, pp. 28–29.) They argue that "statewide relief is an appropriate remedy where there is a challenge to the constitutionality of a state statute." (Dkt. 32-1, p. 29.)

What Plaintiffs seek is an injunction that would apply to *all* County Prosecutors in Idaho, including Prosecutor Bennetts, without any of them needing to be named as defendants in this lawsuit.

Plaintiffs submitted evidence in support of their motion for preliminary injunction, but none of this evidence even discusses Prosecutor Bennetts or Ada County. No declarant testified about any threat of enforcement, official position, or any other action whatsoever by Prosecutor Bennetts. After a complaint and a motion for preliminary injunction, Plaintiffs have still made no allegations, provided no evidence, or raised no argument that Prosecutor Bennetts has taken any action at all, let alone any action that impacts Plaintiffs' constitutional rights.

Where Plaintiffs seek a statewide facial injunction and continually identify the existence of HB 71 as the source of their harms—rather than any action by Prosecutor Bennetts or Ada County—the Court should deny the motion for preliminary injunction and dismiss Prosecutor Bennetts from this case.

**DATED** this 5th day of September, 2023.

                                                      **JAN M. BENNETTS**
                                                      Ada County Prosecuting Attorney

                             By:    */s/ Dayton P. Reed*
                                    Dayton P. Reed
                                    Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2023, I served a true and correct copy of the foregoing *Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 32)* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alexia D. Korberg
Brad S. Karp
Dana Kennedy
Jackson Cory Yates
Jordan E. Orosz
Paul, Weiss, Rifkind, Wharton & Garrision
akorberg@paulweiss.com
bkarp@paulweiss.com
dkennedy@paulweiss.com
jyates@paulweiss.com
jorosz@paulweiss.com

Ariella C. Barel
Eric Alan Stone
Kyle N. Bersani
Philip S. May
Groombridge, Wu, Baughman & Stone
ariella.barel@groombridgewu.com
eric.stone@groombridgewu.com
kyle.bersani@groombridgewu.com
philip.may@groombridgewu.com

Casey Parsons
Richard Alan Eppink
Wrest Collective
casey@wrest.coop
ritchie@wrest.coop

Dina M. Flores-Brewer
ACLU of Idaho
dfloresbrewer@acluidaho.org

Leslie Jill Cooper
Li Nowlin-Sohl
Meredith Taylor Brown
American Civil Liberties Union Foundation
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

Joshua N. Turner
Lincoln Davis Wilson
James E. M. Craig
Rafael J. Droz
Idaho Attorney General's Office
josh.turner@ag.idaho.gov
lincoln.wilson@ag.idaho.gov
james.craig@ag.idaho.gov
rafael.droz@ag.idaho.gov

Colleen Rosannah Smith
Stris & Maher
csmith@stris.com

Cortlin H. Lannin
D. Jean Veta
William Isasi
Covington & Burling, LLP
clannin@cov.com
jveta@cov.com
wisasi@cov.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated as follows:

N/A

By: /s/ Chyvonne Tiedemann
Legal Assistant