Li Nowlin-Sohl*
(admitted only in Washington)
Leslie Cooper*
Taylor Brown*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org
tbrown@aclu.org

Richard Eppink (ISB no. 7503)
Casey Parsons (ISB no. 11323)
David A. DeRoin (ISB no. 10404)
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop
casey@wrest.coop
david@wrest.coop

Brad S. Karp*
Alexia D. Korberg*
Jackson Yates*
Dana L. Kennedy*
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com
jyates@paulweiss.com
dkennedy@paulweiss.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs identified on the following page*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PAM POE**, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>**RAÚL LABRADOR**, et al.,<br><br>*Defendants*. | Case No. 1:23-cv-00269-BLW<br><br>**RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS (Dkt. 57)** |

Eric Alan Stone*
Ariella C. Barel*
Kyle Bersani*
GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP
565 5th Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0030
eric.stone@groombridgewu.com
ariella.barel@groombridgewu.com
kyle.bersani@groombridgewu.com

Philip S. May*
GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

*Admitted *pro hac vice*

Jordan Orosz*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

Dina Flores-Brewer (ISB no. 6141)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
dfloresbrewer@acluidaho.org

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................................... ii

I. Background ........................................................................................................................ 1
II. Legal Standard .................................................................................................................. 2
III. Argument ........................................................................................................................... 3
   A. The State Defendants Are Not Immune from Suit Under *Ex parte Young* .......... 3
   B. The Allegations in the Complaint Establish that Plaintiffs Have Standing ......... 5
   C. Plaintiffs' Claims Are Ripe .................................................................................... 9
IV. Conclusion ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amore v. Novarro*,
 624 F.3d 522 (2d Cir. 2010) ................................................................................................. 8

*California Pac. Bank v. Fed. Deposit Ins. Corp.*,
 885 F.3d 560 (9th Cir. 2018) ...............................................................................................10

*Desertrain v. City of Los Angeles*,
 754 F.3d 1147 (2014) ............................................................................................................ 8

*Douglas v. California Dep't of Youth Authority*,
 271 F.3d 812 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001) ............................................ 2

*Ehco Ranch, Inc. v. State*,
 107 Idaho 808, 693 P.2d 454 (1984) ..................................................................................... 4

*Grayned v. City of Rockford*,
 408 U.S. 104 (1972) .............................................................................................................. 8

*Hamamoto v. Ige*,
 881 F.3d 719 (9th Cir. 2018) ...............................................................................................10

*United States v. Harriss*,
 347 U.S. 612 (1954) .............................................................................................................. 8

*Lanzetta v. New Jersey*,
 601 U.S. 451 (1939) .............................................................................................................. 8

*Latta v. Otter*,
 771 F.3d 456 (9th Cir. 2014) ................................................................................................. 2

*Lawrence v. Texas*,
 539 U.S. 558 (2003) .............................................................................................................. 8

*Lazy Y Ranch Ltd. v. Behrens*,
 546 F.3d 580 (9th Cir. 2008) ................................................................................................. 2

*Leite v. Crane Co.*,
 749 F.3d 1117 (9th Cir. 2014) ............................................................................................... 3

*Lopez v. Candaele*,
 630 F.3d 775 (9th Cir. 2010) ................................................................................................. 9

*Mecinas v. Hobbs*,
    30 F.4th 890 (9th Cir. 2022) ................................................................................3, 7, 8

*Planned Parenthood of Idaho, Inc. v. Wasden*,
    376 F.3d 908 (9th Cir. 2004) ....................................................................................4, 7

*Sato v. Orange Cnty. Dep't of Educ.*,
    861 F.3d 923 (9th Cir. 2017) ........................................................................................ 2

*Teter v. Lopez*,
    76 F.4th 938 (9th Cir. 2023) ........................................................................................ 6

*Twitter v. Paxton*,
    56 F.4th 1170 (9th Cir. 2022) ...................................................................................6, 9

*Unified Data Servs., LLC v. Fed. Trade Comm'n*,
    39 F.4th 1200 (9th Cir. 2022) ...................................................................................... 5

*Wasden. Planned Parenthood Greater Northwest v. Labrador*,
    No. 1:23-CV-00142-BLW, 2023 WL 4864962 (D. Idaho July 31, 2023) ................... 4

*Ex parte Young*,
    209 U.S. 123 (1908) ..................................................................................................... 3

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1

I.C. § 6-322 ........................................................................................................................ 4

I.C. § 18-1506C ................................................................................................................10

I.C. § 19-5307 ...................................................................................................................10

I.C. § 32-201 ...................................................................................................................... 2

I.C. § 32-202 ...................................................................................................................... 2

I.C. § 32-209 ...................................................................................................................... 2

I.C. § 67-1401(7) ............................................................................................................... 4

I.C. § 73-201 ...................................................................................................................... 1

I.C. § 73-203 ...................................................................................................................... 1

I.C. § 73-205 ...................................................................................................................1, 5

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................................................ 2, 3

H.B. 71a (engrossed) § 1, 67th Leg., 1st Sess. (Idaho 2023) ................................................... *passim*

Idaho Formal Att'y Gen. Op. 23-1 ....................................................................................................... 4

Jeff Selle, "KCSO may drop Boy Scouts charter,"
    *Coeur d'Alene Press*, May 25, 2013 ............................................................................................ 8

Raúl R. Labrador (@Raul_Labrador), X (Apr. 4, 2023, 8:03 am),
    https://twitter.com/Raul_Labrador/status/1643253050822508544 ................................. 9

U.S. Const. amend. I ............................................................................................................................ 6

U.S. Const. amend. XI ..................................................................................................................... 2, 5

U.S. Const. amend. XIV ....................................................................................................................... 1

Plaintiffs, through their counsel, oppose Defendants Attorney General Raúl Labrador and the individual members of the Idaho Code Commission's (the "State Defendants") Motion to Dismiss.

## I.   Background

This case challenges a new Idaho law, 2023 House Bill 71 (the "Healthcare Ban"), that is slated to take effect on January 1, 2024. H.B. 71a (engrossed) § 1, 67th Leg., 1st Sess. (Idaho 2023). The law criminalizes the medical care that the minor Plaintiffs and their Plaintiff parents, along with their doctors, have determined is medically necessary for them. The minor Plaintiffs bring a 42 U.S.C. § 1983 Equal Protection claim against two Defendants: Idaho's Attorney General and the Prosecuting Attorney in Ada County, where Plaintiffs live and get their medical care. Compl. (Dkt. 1) ¶¶ 95–111. The parent Plaintiffs bring a § 1983 Due Process Clause claim against those same two defendants, asserting their constitutional right to parental autonomy. *Id.* ¶¶ 112–121. Plaintiffs have set forth the factual background leading to those claims in greater detail in their brief in support of their motion for a preliminary injunction, Dkt. 32-1, at 2–10, and in their response to the Ada County Prosecuting Attorney's motion to dismiss, Dkt. 60, at 2–3, and so they refer the Court to those papers for more information about this case's background rather than rehashing it here.

All Plaintiffs also bring a claim against the members of the Idaho Code Commission for lack of fair notice under the Due Process Clause of the Fourteenth Amendment. Dkt. 1, at ¶¶ 122–125. The Idaho Code Commission's responsibility is to keep the Idaho Code public and current. *See* I.C. § 73-201. Its members are appointed by the Governor, I.C. § 73-203, and together as a Commission they are directed by statute to cause the Code to be published with annotations, including "constitutional changes" and references to decisions of federal courts citing and construing Idaho laws. I.C. § 73-205. Because the Idaho Legislature continues to leave unconstitutional laws

on the books,[1] Plaintiffs' claim against the Code Commission members is to ensure the Commission gives the public clear notice in the Idaho Code if this Court holds that the Healthcare Ban is unconstitutional and enjoins its enforcement.

## II.     Legal Standard

Defendants' motion to dismiss references both FRCP 12(b)(1) and 12(b)(6). Mot. to Dismiss (Dkt. 57). Their brief in support, however, mentions only FRCP 12(b)(6). Combined Mem. (Dkt. 58) at 9. The Court's inquiry on a 12(b)(6) motion is generally "limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Defendants' 12(b)(6) motion must be about their *Ex parte Young* immunity defense, as their merits arguments rely repeatedly on evidence extrinsic to Plaintiffs' Complaint.[2] *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion."). Defendants carry the burden of establishing their *Ex parte Young* immunity defense. *Douglas v. California Dep't of Youth Authority*, 271 F.3d 812, 821 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001) ("[T]he entity invoking the Eleventh Amendment immunity, bears the burden of asserting and proving those matters necessary to establish its defense." (cleaned up)).Though Defendants fail to articulate as much, their 12(b)(1) motion perhaps encompasses their *Ex parte*

---

[1] *See, e.g.*, I.C. §§ 32-201, 32-202, 32-209 (refusing recognition of same-sex marriages, and held unconstitutional in *Latta v. Otter*, 771 F.3d 456, 477 (9th Cir. 2014)).

[2] Defendants filed a combined brief in support of their motion to dismiss and in opposition to Plaintiffs' motion for a preliminary injunction. The arguments on the merits that relied on extrinsic evidence may be considered only with respect to Defendants' opposition to Plaintiffs' motion for a preliminary injunction. Defendants have not attempted to argue that accepting the allegations of the complaint as true, as they must for purposes of a motion to dismiss, Plaintiffs have failed to state a claim for which relief can be granted.

*Young* immunity arguments as well, in addition to their cursory mentions of standing and ripeness. *See* Dkt. 58, at 11 (referencing standing and ripeness in only one sentence). Defendants offer no new evidence to support their justiciability arguments and, besides one sidelong reference to an Attorney General opinion that does not dispute the truth of Plaintiffs' allegations, offer nothing extrinsic to the Complaint in support of their *Ex parte Young* arguments either. Accordingly, Defendants' hurried arguments in the two paragraphs they devote to their FRCP 12 motion to dismiss are a facial attack, if anything, and therefore in resolving those motions this Court accepts all Plaintiffs' allegations as true and draws all inferences in Plaintiffs' favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### III.  Argument

#### A.  The State Defendants Are Not Immune from Suit Under *Ex parte Young*

Defendants acknowledge that *Ex parte Young* creates an exception to sovereign immunity that allows plaintiffs to sue state officials for claims, like Plaintiffs' claims here, that seek prospective relief. Dkt. 58, at 11; *Ex parte Young*, 209 U.S. 123, 159 (1908). To satisfy that exception, there must be "some connection" between the state official and enforcement of the law in question. *Ex parte Young*, 209 U.S. at 157. That connection requires "merely that the implicated state official have a relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Mecinas v. Hobbs*, 30 F.4th 890, 903–904 (9th Cir. 2022) (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)).

*The Attorney General*

Here, as Defendants concede, the Ninth Circuit has already decided that Idaho's Attorney General, in a statutory challenge against him and the Ada County Prosecuting Attorney, has a role beyond a general duty to enforce state law or supervisory power over persons responsible for

3

enforcing the law. Dkt. 58, at 11; *Wasden*, 376 F.3d at 920. What was "determinative[]" to the Circuit was that, under I.C. § 67-1401(7), the Attorney General, when assisting county prosecutors, can "do every act that the county attorney can perform." *Wasden*, 376 F.3d at 920 (quoting *Newman v. Lance*, 129 Idaho 98, 102, 922 P.2d 395, 399 (1996)). Nothing about the Attorney General's authority has changed since *Wasden*. *Planned Parenthood Greater Northwest v. Labrador*, No. 1:23-CV-00142-BLW, 2023 WL 4864962, at *8 (D. Idaho July 31, 2023) (noting that "the assisting language in the statute that the Ninth Circuit relied on remains unchanged"); *cf.* I.C. § 67-1401(7) (assigning the Attorney General the duty of "repair[ing] to any county in the state and assist[ing] the prosecuting attorney thereof in the discharge of duties").

The Attorney General's formal opinion no. 23-1, about his authority to enforce an abortion statute (I.C. § 6-322) entirely unrelated to this case, does not come anywhere close to disavowing his authority to "do every act that the county attorney can perform," *Wasden*, 376 F.3d at 920, when assisting them. Idaho Formal Att'y Gen. Op. 23-1. Rather, his opinion does little more than track the Idaho Supreme Court's *Newman v. Lance* analysis that the Ninth Circuit used to ground its decision in *Wasden*. *Id.* Even if the opinion did diverge from *Newman*, however, an Idaho Attorney General opinion is not a binding interpretation of Idaho law, *Ehco Ranch, Inc. v. State*, 107 Idaho 808, 811, 693 P.2d 454, 457 (1984), and it is especially not binding on him. Just as he issued opinion no. 23-1 as a gambit in litigation over abortion law enforcement, he could revoke or replace it with the stroke of a pen to serve his goals and litigation strategies at any time. *See Planned Parenthood Greater Northwest*, 2023 WL 4864962 at *15 (identifying Labrador's machinations with opinion letters as "mere litigation position[s]").

Labrador has not met his burden to establish this defense. He is not immune from suit in his official capacity.

4

*The Code Commission Members*

The Idaho Code Commission is tasked with keeping the Idaho Code up to date, indicating changes to laws, providing annotations to the Code, and providing references in the Code to decisions of the federal courts. I.C. § 73-205; *see* Dkt. 1, at ¶ 10. It has the power and authority to publish the Healthcare Ban in the Idaho Code. I.C. § 73-205. The Commission has a clearly relevant role in the single claim that that Plaintiffs bring against them: Due Process rights to fair public notice about the law. Dkt. 1, at ¶¶ 122–125. Its authority to publish the Healthcare Ban in the Idaho Code means that these Defendants may mislead and deceive Idahoans, including Plaintiffs' healthcare providers, about the requirements of the law if it is published without clear notice of its unconstitutionality and unenforceability, should it be held unconstitutional. *Id.* at ¶¶ 123-125. The Idaho Code Commission is the single and specific arm of Idaho state government responsible for giving accurate, up to date, and fair notice of Idaho laws, and in particular for annotating the public Idaho Code with references to this Court's and other federal courts' decisions about Idaho Code provisions. I.C. § 73-205. The Code Commission Defendants' connection to Plaintiffs' fair notice claim is direct, and so they have also failed to carry their burden to show Eleventh Amendment immunity.

**B.      The Allegations in the Complaint Establish that Plaintiffs Have Standing**

Plaintiffs have alleged facts establishing that they have standing to challenge the Healthcare Ban. To establish standing, the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1209-10 (9th Cir. 2022) (internal citations omitted). Plaintiffs have alleged that the minor Plaintiffs are currently receiving medical care that is improving their health and well-being that doctors would be prohibited from providing—and subject to criminal penalty if they were to

5

do so—should the Healthcare Ban take effect on January 1, 2024. They have further alleged that the Healthcare Ban would override the parent Plaintiffs' medical decisions in service of their children. These are imminent injuries in fact that are caused by the Healthcare Ban and would be redressed by a ruling from the Court enjoining enforcement of the law.

*Twitter v. Paxton*, 56 F.4th 1170 (9th Cir. 2022), the sole case Defendants rely on for their standing argument, does not hold, as Defendants seem to suggest, that Plaintiffs must point to a specific enforcement warning or threat before they have standing to challenge a statute. *Twitter* is a case primarily about ripeness, not standing, for one thing. *See id.* at 1179. And to the extent it analyzes standing it does so for a particular type of claim—First Amendment retaliation—factually afield from this case, and to which different standing requirements apply, as *Twitter* itself points out. *Id.* at 1174. The closer you look at *Twitter*, in fact, the more you see how inapplicable it is to this case: not only did the plaintiff there "fail[] to allege any chilling effect on its speech or any other legally cognizable injury," but it was also only a Texas state court, not the defendant (Texas's Attorney General), that could authorize any enforcement action against the plaintiff. *Id.* at 1175, 1176. Unlike there, these plaintiffs will have no other opportunity to challenge the Healthcare Ban before it halts their necessary medical care. *See id.* at 1177. Here, Plaintiffs have alleged clear cognizable injuries if the law takes effect.

Defendants' cherry-picked "specific warning or threat" quotation from *Twitter* is especially misleading because Defendants omit any mention of the Ninth Circuit's recent clarification that the notion that plaintiffs must always prove "'a specific warning or threat to initiate proceedings' has no basis in our precedent." *Teter v. Lopez*, 76 F.4th 938, 946 (9th Cir. 2023). The pre-enforcement factors of which the "specific warning or threat" question is a part (whether plaintiffs have a concrete plan to violate the challenged law, whether a specific warning or threat has been

6

communicated, and the history of past enforcement) "must be considered as a whole, in light of the totality of the circumstances" the Circuit explained in *Teter*, "and not as a mandatory checklist." *Id.*

However, the pre-enforcement factors do not even apply in this case, just as they did not in *Teter*. *Id.* at 945 (holding traditional pre-enforcement analysis unnecessary where plaintiffs allege some injury beyond risk of prosecution). Plaintiffs have already explained this in their response to the Ada County Prosecuting Attorney's motion to dismiss. Dkt. 60, at \*\*. Plaintiffs have standing to bring their claims against Defendant Labrador for the same reasons they have standing to bring their claims against Defendant Bennetts, with only the slight variation that the Attorney General's causal and redressability connections are those that make him a proper *Ex parte Young* official capacity defendant, as explained above. *Mecinas*, 30 F.4th at 903 (noting that "whether there is the requisite 'connection' between the sued official and the challenged law implicates an analysis that is 'closely related—indeed overlapping'—with the traceability and redressability inquiry) (quoting *Culinary Workers Union, Loc. 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999)); *see also Wasden*, 376 F.3d at 919 (observing that the causal connection and redressability inquiries for standing and the "some connection" test under *Ex parte Young* doctrine all share a "common denominator"). For the remainder of their standing argument, Plaintiffs incorporate into this brief the arguments they set out in their response to Bennetts' motion. *See* Dkt. 60.

As for the Idaho Code Commission defendants, the same responsibilities and powers (to annotate the Idaho Code to give public notice of federal decisions construing Idaho laws) that make them a proper defendant also demonstrate the causal and redressability connections that establish Plaintiffs' standing. *See Wasden*, 376 F.3d at 919 (observing that the causal connection and redressability inquiries for standing and the "some connection" test under *Ex parte Young* doctrine

all share a "common denominator"); see also *Mecinas*, 30 F.4th at 903. As for Plaintiffs' injury-in-fact, the Supreme Court has long held that the Constitution requires governments to give fair notice, to the ordinary person, of what the law is. *United States v. Harriss*, 347 U.S. 612, 617 (1954). "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." *Lanzetta v. New Jersey*, 601 U.S. 451, 453 (1939). Accordingly, due process mandates that laws give notice of what is prohibited in a way that people of "ordinary intelligence" can understand. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). If Defendants were to mislead Idahoans and their healthcare providers by publishing an unconstitutional or unenforceable statute without clear notice when they are ruled unconstitutional or enjoined as unenforceable, it would turn the purpose of the constitutional fair notice requirement—"to enable the ordinary citizen to conform his or her conduct to the law"—on its head. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1155 (2014) (quoting *City of Chicago v. Morales*, 527 U.S. 41, 58 (1999). Worse still, there is a real risk that officers will mistakenly enforce unconstitutional laws that code books fail to flag as unenforceable. *See Amore v. Novarro*, 624 F.3d 522, 533–534 (2d Cir. 2010) (granting qualified immunity to an officer who made an arrest for violation of a statute previously held unconstitutional, because the statute "continued to be published in official versions of the New York Penal Law"). This is no speculative danger in Idaho, either. The Kootenai County Sheriff, for example, once made public comments claiming that "[s]odomy is against the law in Idaho," despite the fact that such laws had been clearly established as unconstitutional a decade earlier in *Lawrence v. Texas*, 539 U.S. 558 (2003). Jeff Selle, "KCSO may drop Boy Scouts charter," *Coeur d'Alene Press*, May 25, 2013, http://perma.cc/QDH7-8Q9Q.

 Defendants have failed to demonstrate that Plaintiffs lack standing to challenge the Healthcare Ban. The Court should deny their motion to dismiss on standing grounds.

### C. Plaintiffs' Claims Are Ripe

Plaintiffs already addressed the prudential component of ripeness in earlier briefing Dkt. 60, at 14–15. The constitutional component of ripeness "is synonymous with the injury-in-fact prong of the standing inquiry," addressed above. *Twitter*, 56 F.4th at 1173. Yet as for ripeness, too, Defendants rely on just a single case, *Lopez v. Candaele*, 630 F.3d 775 (9th Cir. 2010), to contend a challenge to a statute that will take effect imminently was somehow brought too early. But *Lopez* isn't even about ripeness. *Cf. Twitter*, 56 F.4th at 1179 (refusing to apply a case that "doesn't mention ripeness at all" to ripeness analysis). It was about whether a plaintiff had standing to challenge a college's sexual harassment policy that didn't apply to him. *Lopez*, 630 F.3d at 784. The court said there that when a "challenged law is inapplicable to the plaintiffs, either by its terms or as interpreted by the government . . . [s]uch inapplicability weighs against both the plaintiffs' claims that they intend to violate the law, and also their claims that the government intends to enforce the law against them." *Id.* at 786. The court explained that this "inapplicability" question dovetails with the question of the likelihood of enforcement and any potential disavowal of enforcement. *Id.* at 788. In other words, the plaintiff in *Lopez* lacked a specific and credible threat of adverse action in response to his conduct precisely because his conduct simply did not fall within the scope of the challenged policy. *Id.* The court's opinion concluded that there was such disavowal of enforcement on that basis, as the administration official in charge of enforcement told the plaintiff that "no action will be taken." *Id.* at 792.

Here, there has been no indication from any state official that the Healthcare Ban will not be enforced. Indeed, the Attorney General has publicly announced his intention to uphold the Healthcare Ban. Dkt. 1, at ¶ 8; *see* Raúl R. Labrador (@Raul_Labrador), X (Apr. 4, 2023, 8:03 am), https://twitter.com/Raul_Labrador/status/1643253050822508544 (urging that "@GovernorLittle should sign [HB 71] and my office will defend it in the courts"). And, unlike in *Lopez*,

9

here, Plaintiffs' injury—being denied medical care that HB 71 criminalizes—is the exact intended purpose of the statute.

Plaintiffs' claim against the Code Commission defendants is equally ripe. The Healthcare Ban takes effect in less than four months. The Code Commission will soon publish the Healthcare Ban as a new section in the Idaho Code, I.C. § 18-1506C, and as a line amendment to existing I.C. § 19-5307. Defendants do not dispute that, and make no discernible ripeness argument about the Code Commissioner defendants at all. To the extent Defendants are suggesting that the Due Process fair notice claim is not ripe because Plaintiffs do not seek a preliminary injunction based on that claim, that has nothing to do with justiciability. *See Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018). Otherwise, to the extent Defendants imply any other justiciability arguments, they are so perfunctory that this Court must reject them. *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018) ("Inadequately briefed and perfunctory arguments are . . . waived.").

## IV.     Conclusion

Plaintiffs have pleaded facts which, if accepted as true, establish claims against the Idaho Attorney General and the Idaho Code Commission upon which relief can be granted, and that the Court has subject-matter jurisdiction over their claims. Accordingly, for the foregoing reasons, the Court should deny the State Defendants' motion to dismiss.

Date:   September 21, 2023                    Respectfully submitted,

                                              /s/ *Alexia D. Korberg*
                                              Alexia D. Korberg

| | |
|---|---|
| Li Nowlin-Sohl<br>Leslie Cooper<br>Taylor Brown<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br><br>Dina Flores-Brewer<br>ACLU OF IDAHO FOUNDATION<br><br>Eric Alan Stone<br>Ariella C. Barel<br>Kyle Bersani<br>Philip S. May<br>GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP | Brad S. Karp<br>Alexia D. Korberg<br>Jackson Yates<br>Dana L. Kennedy<br>Jordan Orosz<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>Richard Eppink<br>Casey Parsons<br>David A. DeRoin<br>WREST COLLECTIVE<br><br>*Attorneys for Plaintiffs* |

11