**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**DAYTON P. REED**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID  83702
Telephone:  (208) 287-7700
Facsimile:  (208) 287-7719
Idaho State Bar No. 10775
Email: civilpafiles@adacounty.id.gov

*Attorney for Ada County Prosecuting Attorney Jan M. Bennetts*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAM POE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, et al.,<br><br>  Defendants. | Case No. 1:23-cv-269-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS** |

Plaintiffs argue that their alleged injuries flow from actions by State actors in passing HB 71, rather than any action by Prosecutor Bennetts. They admit that "Plaintiffs' injuries here—cessation of medically necessary treatment and curtailment of parental autonomy—are independent of any possible prosecution." (Dkt. 60, p. 13.) They argue that Prosecutor Bennetts is liable merely for being an elected County Prosecutor, and nothing more, and that Ada County is liable under § 1983 even without any *Monell* allegations. They do not attempt to refute the fact that Prosecutor Bennetts is *not* a necessary party to this case. Prosecutor Bennetts should be dismissed from this lawsuit she does not belong in.

REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY
JAN M. BENNETTS' MOTION TO DISMISS– PAGE 1

## I. REPLY ARGUMENT

**A. Plaintiffs fail to show standing to sue Prosecutor Bennetts.**

In their arguments, as they do in their Complaint, Plaintiffs continue to blame their alleged harm on the existence of HB 71. For example:

"The Healthcare Ban . . . will deprive Plaintiffs of their ability to continue obtaining vital healthcare . . . in Ada County and throughout the entire state of Idaho." (Dkt. 60, p. 8.)

"The law, once in effect, would subject *any* doctor who provides Plaintiffs with this healthcare to felony prosecution and up to ten years' incarceration." (Dkt. 60, p. 8.)

"The new law bans medically necessary healthcare . . . . It . . . overrides the careful decisions that these minors, their parents, and their doctors have made together . . . ." (Dkt. 60, p. 9.)

"Plaintiffs would suffer medical and constitutional harm from the minute HB 71 took effect." (Dkt. 60, p. 10.)

"[T]he Healthcare Ban cuts Plaintiffs off from their ongoing medical care by coercing doctors to stop providing care . . . ." (Dkt. 60, p. 11.)

"It is the Ban's existence . . . that itself constitutes an injury in fact to the respective plaintiffs . . . ." (Dkt. 60, p. 12.)

"[T]he core of [Plaintiffs'] injuries is the actual harm from what they cannot do in light of the laws they challenge; . . . ." (Dkt. 60, p. 13.)

"Plaintiffs' injuries here—cessation of medically necessary treatment and curtailment of parental autonomy—are independent of any possible prosecution . . . ." (Dkt. 60, p. 13.)

"The Healthcare Ban will prohibit such treatment beginning January 1 by penalizing Plaintiffs' doctors with a felony charge carrying ten years in prison . . . ." (Dkt. 60, p. 16.)

"[T]he Healthcare Ban does not directly criminalize the Plaintiffs' conduct, but instead cuts them off from care by imposing draconian penalties that have a coercive and determinative effect on their medical providers. The ban and its penalties thus directly affect Plaintiffs' access to necessary healthcare. Plaintiffs' injuries . . . are the direct result of HB 71 and the felony it codifies." (Dkt. 60, p. 20.)

> "HB 71 . . . will directly affect the Plaintiffs when . . . it will immediately cut them off from the necessary medical treatment *they are currently receiving*." (Dkt. 60, p. 21.)

From their arguments, Plaintiffs appear to believe they should be able to sue *somebody* to facially challenge HB 71. However, Plaintiffs cannot explain why this facial challenge should be brought against a County Prosecutor, and the County she serves, when she has taken no action at all with regard to HB 71—neither she nor Ada County passed HB 71 or has power to rescind it, and she has never issued an opinion, statement, or interpretation of the law, nor threatened anyone with enforcement.

In their attempt to justify suing Prosecutor Bennetts, Plaintiffs argue a chain of causation that stretches to include Prosecutor Bennetts: HB 71 bans Plaintiffs' desired treatments and criminalizes a doctor's provision of these treatments (as recounted above); Plaintiffs' doctors provide treatment in Ada County; and Prosecutor Bennetts *must necessarily* bring a prosecution against Plaintiffs' doctors. But while Plaintiffs make the first link of this chain clear in their arguments and complaint, the second and third links are not alleged in their complaint, and the third link is incorrect.

Plaintiffs *did not* allege in their complaint that they receive healthcare in Ada County. Plaintiffs incorrectly cite multiple paragraphs of their complaint for the proposition that "the minors obtain their medical treatment in[] Ada County," "Plaintiffs . . . receive healthcare in Ada County," and "Ada County, [is] where Plaintiffs . . . get their medical treatment." (Dkt. 60, p. 9 (citing dkt. 1, ¶¶ 4–7, 77–81, 89–94); p. 15, 22 (citing dkt. 1, ¶¶ 5–7, 9).) None of these paragraphs make that factual allegation. These paragraphs allege that the Plaintiffs live in Ada County, and they allege that the Plaintiffs' families met with unnamed medical professionals, but the complaint does not allege that any medical professional performed a surgery, administered puberty blockers, testosterone, or estrogen, or provided any other treatment to Plaintiffs in Ada County—or that any

medical professional intends to provide HB 71-prohibited treatment in Ada County to Plaintiffs or anyone else after January 1, 2024. The failure of this second link breaks the Plaintiffs' tenuous chain of causation as to Prosecutor Bennetts, who does not pass state statutes or prosecute crimes outside of Ada County.[1]

More importantly, however, Plaintiffs misunderstand the role of a County Prosecutor, and they mischaracterize how she fulfills her constitutional and statutory duties. It is incorrect to assert or imply that she "must" bring a prosecution against Plaintiff's doctors, that mechanically or ministerially bringing a particular prosecution is "her job," and that it is her "duty" "to prosecute" Plaintiffs' doctors. (Dkt. 60, pp. 8, 14, 16, 18, 23.) Plaintiffs alleged none of this in their complaint; this mistaken view appears for the first time in Plaintiff's response brief.

Prosecutor Bennetts' decisions are made on a case-by-case basis, in the context of concrete factual scenarios, based on the evidence. Until a concrete case is referred to her for a charging decision, Prosecutor Bennetts can take no action regarding HB 71.[2] And because the charging decision depends on the unalleged and speculated future actions of unnamed doctors[3] and the specifics of an unknown body of evidence from an investigation that is not even contemplated, Prosecutor Bennetts' involvement in any case affecting Plaintiffs' constitutional rights is speculative.

In summary, Plaintiffs fail to show that Prosecutor Bennetts has caused any alleged injury to them because they have *not* alleged that their doctors have provided or will provide prohibited

---

[1] Plaintiffs specifically chose Prosecutor Bennetts as a defendant and sued no other County's Prosecutor despite their argument that HB 71 will deprive them desired treatments "in Ada County *and throughout the entire state of Idaho*." (Dkt. 60, p. 8. Emphasis added.)
[2] Because HB 71 is not in effect until January 1, 2024, Prosecutor Bennetts could take no prosecutorial action as of the day the complaint was filed, and a claim against her is unripe.
[3] Only doctors may be charged with violating HB 71 when it becomes effective, but doctors are noticeably absent from this lawsuit.

REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 4

treatments in Ada County and because Prosecutor Bennetts' involvement in any prosecution of the unnamed doctors is speculative.

This does not necessarily mean that Plaintiffs are without any remedy at all for the alleged harm they claim HB 71 causes them. However, as Plaintiffs themselves recognize, "Plaintiffs' injuries here—cessation of medically necessary treatment and curtailment of parental autonomy—are independent of any possible prosecution," and "[i]t is the Ban's existence . . . that itself constitutes an injury in fact to the respective plaintiffs . . . ." (Dkt. 60, pp. 12, 13.) Plaintiffs cannot trace their injury to Prosecutor Bennetts' conduct, and therefore have no standing to sue her.[4]

### B. Plaintiffs bear the burden of alleging standing.

It's the plaintiff's burden to make allegations against a defendant, including to show standing. *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175 (9th Cir. 2022). Plaintiffs cannot shift that burden to Prosecutor Bennetts by alleging no action on her part and then requiring *her* to declare that she *will not* take action to injure Plaintiffs. Yet that is what Plaintiffs attempt to do when, instead of alleging that Prosecutor Bennetts has done something to injure them, Plaintiffs argue that they have standing to sue her merely because she is the Ada County Prosecutor and she hasn't disavowed enforcement of HB 71. (Dkt. 60, pp. 15–16.)

Preliminarily, Prosecutor Bennetts brings her 12(b)(1) motion as a facial attack, as Plaintiffs acknowledge. (Dkt. 60, p. 10.) In a facial attack, the inquiry is confined to the allegations in the complaint and whether those allegations are sufficient to invoke the Court's jurisdiction.

---

[4] Plaintiffs' attribution of injury to the existence of HB 71, independent of any prosecution, also belies any argument that their alleged injury would be redressed by an injunction directly against Prosecutor Bennetts to prevent her from bringing charges under HB 71 against unnamed doctors when the law goes into effect. The suggestion that such an injunction would redress their harm also directly contradicts the position Plaintiffs take in their motion for preliminary injunction, that the only adequate relief is statewide facial invalidation. (Dkt. 31-1, pp. 36–37.)

REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 5

*Health Freedom Def. Fund, Inc. v. City of Hailey, Idaho*, 590 F. Supp. 3d 1253, 1261–62 (D. Idaho 2022). *See also* dkt. 60, p. 10. Plaintiffs cannot avoid the insufficiency of their own allegations by arguing matters outside the complaint.

More importantly, however, Plaintiffs cite to no cases in which standing was found to sue a party that did not enact the challenged regulation and who made no threat of enforcement. *E.g.*, *California Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021) (suit against the state that passed the challenged law, in which the plaintiff "has established that there is a threat to initiate proceedings against its members" when "the state has notified the regulated community that it intends to enforce AB-5" and subsequently "began 'moving aggressively to enforce' it," "commenc[ing] a number of prosecutions against companies for misclassifying workers under AB-5"); *Lopez v. Candaele*, 630 F.3d 775, 794 (9th Cir. 2010) (finding plaintiff lacked standing).

Plaintiffs cite no cases that impose a constitutional duty on a prosecutor to take action where she has taken none. It might be convenient for Plaintiffs to be able to shift the burden of alleging standing to Prosecutor Bennetts and require her to take the affirmative action of disavowing an entire statute *in toto* when she has heretofore taken no action at all, but they present no authority to support that rule, and it would be inconsistent with how the Ninth Circuit understands the limited role disavowal has in determining standing. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000) ("we cannot go so far as to say that a plaintiff has standing whenever the Government refuses to rule out use of the challenged provision"). They have not alleged that Prosecutor Bennetts has taken any action, and they cannot compel her to do so now.

### C. Plaintiffs cannot ignore *Monell*'s requirements for suing a county.

Plaintiffs have sued Prosecutor Bennetts in her official capacity, and as the Supreme Court has explained, this "represent[s] only another way of pleading an action against an entity of which

REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY
JAN M. BENNETTS' MOTION TO DISMISS– PAGE 6

[Prosecutor Bennetts] is an agent," and she is suable in her official capacity "under § 1983 in those cases in which . . . a local government would be suable in its own name." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978). Thus, to state a claim against Prosecutor Bennetts in her official capacity, Plaintiffs must show that the "moving force behind the constitutional violation" is the implementation or execution of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by" Ada County's officers. *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell*, 436 U.S. at 690; *Edgerly v. City and Cnty. of San Francisco*, 599 F.3d 946, 960 (9th Cir.2010)).

Plaintiffs repeat this same *Rivera* citation for the proposition that "Bennetts' duty to enforce the Healthcare Ban, thus depriving Plaintiffs' of their constitutional rights, is a 'moving force' behind the constitutional violation." (Dkt. 60, p. 23.) This citation says nothing of the sort.

*Rivera* does not state that the existence of a duty to enforce state criminal statutes generally is the moving force of any constitutional violation. In fact, the citation to *Rivera* plainly refutes such an assertion. The existence of Prosecutor Bennetts' constitutional and statutory duty as an elected officer is not an implementation or execution of an Ada County policy, ordinance, regulation, or decision. It is not deliberately indifferent to simply be an elected County Prosecutor. Where Plaintiffs consistently attribute their harm to the existence of HB 71 alone, *the* moving force of their alleged constitutional violation is the passage of that statute, not any Ada County act.

The "moving force" does not consist of simply being part of an alleged causal chain, nor does it constitute merely identifying conduct attributable to the municipality;

> The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 7

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). *Accord Rivera*, 745 F.3d at 389 (requiring deliberate indifference). Plaintiffs allege no deliberate conduct on the part of Prosecutor Bennetts or Ada County, let alone culpability and a direct causal link between the *municipal action* and the alleged constitutional deprivation. Plaintiffs blame the existence of HB 71—independent of any possible prosecution—for their alleged injury.

Contrary to Plaintiffs' assertions, the Ninth Circuit in *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004) did not address the arguments raised here. The former Ada County Prosecutor did not challenge on appeal the plaintiffs' standing to sue him in his official capacity based on the lack of any allegations against him. His *concession* to being a proper defendant was ultimately dispositive on standing as to him, not any analysis from the court. *Id.* at 919–20. Prosecutor Bennetts makes no such concession here.

As the Supreme Court has explained, "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Plaintiffs must make this *Monell* showing to sue Prosecutor Bennetts in her official capacity.

D. **Prosecutor Bennetts is not a necessary party to this case.**

Notably, Plaintiffs do not attempt to refute the fact that Prosecutor Bennetts is not a necessary party to this case and that all of Plaintiffs' desired relief is available without her being named as a defendant. Instead of refuting this fact, Plaintiffs make arguments that support it. Their arguments that "[i]t is the Ban's existence . . . that itself constitutes an injury in fact to the respective plaintiffs . . . ." (dkt. 60, p. 12), and "Plaintiffs' injuries here—cessation of medically necessary treatment and curtailment of parental autonomy—are independent of any possible

prosecution . . . ." (dkt. 60, p. 13.), are consistent with the point that Plaintiffs do not dispute—it makes no difference to their ability to seek redress from their alleged injuries whether Prosecutor Bennetts and Ada County are a party to this lawsuit because their complaint is with HB 71 itself, and only invalidation of HB 71 itself gives Plaintiffs the relief they seek.

Although they do not dispute this fact, Plaintiffs take issue with Prosecutor Bennetts pointing out the unfair implications of requiring Ada County to expend resources defending a lawsuit in which neither it nor its officers are alleged to have done anything at all and in which it is not a necessary party. This lawsuit will cost Ada County taxpayers money to defend HB 71 through the Attorney General's Office, which defends the constitutionality of state statutes. Additionally, however, Ada County taxpayers are uniquely singled out by Plaintiffs to expend even more taxpayer money defending Ada County and its officers in this same lawsuit, which is devoid of any allegation against Ada County or its officers.

Plaintiffs malign this observation as a "made-up problem." (Dkt. 60, p.24.) But Prosecutor Bennetts did not choose to be a party to this lawsuit and took no action that would subject her to this lawsuit. Plaintiffs were the ones who named her as a defendant without alleging she did anything.

Plaintiffs' proposed remedy to this conundrum is for Prosecutor Bennetts to capitulate to their demand, abandon her independent, case-by-case judgment, and declare that she will refuse to enforce a state statute she has never enforced nor threatened to enforce, and is not yet in effect. (Dkt. 60, p. 24.) Plaintiffs are inferring that if Prosecutor Bennetts wants to save Ada County tax dollars in their lawsuit with no allegations against her, she should give them what they want—even though what they truly want is statewide facial invalidation, which Prosecutor Bennetts is unable to provide.

Plaintiffs also suggest that Prosecutor Bennetts should just allow the State to handle this entire case, even though Plaintiffs chose to specifically name her as a defendant. (Dkt. 60, p. 24.) This suggestion further demonstrates that Prosecutor Bennetts is not a necessary party. If Plaintiffs do not have claims specific to Prosecutor Bennetts against which she would defend, then she should not be named as a Defendant at all. And, indeed, that is the case here, where Plaintiffs make no allegations against Prosecutor Bennetts, and they argue that their harm is caused by the mere existence of HB 71, independent of any possible prosecution. Redress from such an alleged injury does not come from a County Prosecutor and a County, neither of which passed HB 71 nor has taken any action with regard to it.

## II.   CONCLUSION

Prosecutor Bennetts does not belong as a party in this lawsuit, and Plaintiffs' complaint should be dismissed as to her.

**DATED** this 29th day of September, 2023.

                                                          **JAN M. BENNETTS**
                                                          Ada County Prosecuting Attorney

                                       By:    */s/ Dayton P. Reed*
                                                     Dayton P. Reed
                                                     Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2023, I served a true and correct copy of the foregoing *Reply Memorandum in Support of Ada County Prosecuting Attorney Jan M. Bennetts' Motion to Dismiss* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Alexia D. Korberg<br>Brad S. Karp<br>Dana Kennedy<br>Jackson Cory Yates<br>Jordan E. Orosz<br>Paul, Weiss, Rifkind, Wharton & Garrision<br>akorberg@paulweiss.com<br>bkarp@paulweiss.com<br>dkennedy@paulweiss.com<br>jyates@paulweiss.com<br>jorosz@paulweiss.com | Ariella C. Barel<br>Eric Alan Stone<br>Kyle N. Bersani<br>Philip S. May<br>Groombridge, Wu, Baughman & Stone<br>ariella.barel@groombridgewu.com<br>eric.stone@groombridgewu.com<br>kyle.bersani@groombridgewu.com<br>philip.may@groombridgewu.com |
| Casey Parsons<br>Richard Alan Eppink<br>Wrest Collective<br>casey@wrest.coop<br>ritchie@wrest.coop | Dina M. Flores-Brewer<br>ACLU of Idaho<br>dfloresbrewer@acluidaho.org |
| Leslie Jill Cooper<br>Li Nowlin-Sohl<br>Meredith Taylor Brown<br>American Civil Liberties Union Foundation<br>lcooper@aclu.org<br>lnowlin-sohl@aclu.org<br>tbrown@aclu.org | Joshua N. Turner<br>Lincoln Davis Wilson<br>James E. M. Craig<br>Rafael J. Droz<br>Idaho Attorney General's Office<br>josh.turner@ag.idaho.gov<br>lincoln.wilson@ag.idaho.gov<br>james.craig@ag.idaho.gov<br>rafael.droz@ag.idaho.gov |
| Colleen Rosannah Smith<br>Stris & Maher<br>csmith@stris.com | Cortlin H. Lannin<br>D. Jean Veta<br>William Isasi<br>Covington & Burling, LLP<br>clannin@cov.com<br>jveta@cov.com<br>wisasi@cov.com |

REPLY MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 11

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated as follows:

N/A

By: /s/ Chyvonne Tiedemann
Legal Assistant