RAÚL R. LABRADOR
ATTORNEY GENERAL

JOSHUA N. TURNER, ISB #12193
Acting Solicitor General

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense
RAFAEL J. DROZ, ISB #9934
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
josh.turner@ag.idaho.gov
rafael.droz@ag.idaho.gov

*Attorneys for Defendant Raúl Labrador*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAM POE, by and through her parents and next friends, Penny and Peter Poe, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, *et al.*<br><br>*Defendants.* | Case No. 1:23-cv-00269-BLW<br><br>**REPLY IN SUPPORT OF EMERGENCY MOTION FOR STAY OF INJUNCTION PENDING APPEAL [Dkt. 80]** |

**INTRODUCTION**

On January 3, 2024, the Attorney General filed a notice of appeal, appealing the Court's decision granting the preliminary injunction and appealing the Court's decision finding that the Attorney General is not immune from suit under the Eleventh Amendment. Dkt. 79. Also on January 3, 2024, the Attorney General filed an Emergency Motion to Stay Injunction Pending Appeal. Dkt. 80. On January 10, 2024, the Plaintiffs filed a response to that motion. Dkt. 85. The Attorney General now files this Reply in Support of Emergency Motion to Stay Injunction Pending Appeal.

**ARGUMENT**

In determining whether to grant a stay to an order granting a preliminary injunction, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). When the government is a party, the last two factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken*, 556 U.S. at 435).

### I. The Attorney General is Likely to Succeed on the Merits of the Appeal.

#### A. The Court erred in finding that Plaintiffs are likely to succeed on the merits of their claims.

The Court's decision finding that the Plaintiffs are likely to succeed on the merits of both their Equal Protection claim and their Due Process claim rests upon the Court's erroneous determination that H.B. 71 is subject to heightened scrutiny for the Equal Protection Claim and strict scrutiny for the Due Process claim, and that the statute is unlikely to survive a heightened scrutiny analysis.  Dkt. 78 at 36, 48.  By so ruling, the Court removed the policy decision from public debate and removed the decision from the people of the State of Idaho acting through their duly elected legislature.  *See Washington v. Glucksberg*, 521 U.S. 702, 719 (1997); *see also Raich v. Gonzales*, 500 F.3d 850, 863 (9th Cir. 2007) (acknowledging that the U.S. Supreme Court has cautioned against expanding the fundamental rights doctrine of substantive due process).  Ignoring that "[l]ife-tenured federal judges should be wary of removing a vexing and novel topic of medical debate from the ebbs and flows of democracy by construing a largely unamendable federal constitution to occupy the field," *L.W. by and through Williams v. Skrmetti*, 73 F.4th 408, 415 (6th Cir. 2023), the Court determined that it should have the authority to decide the policy for the State of Idaho and its 1.8 million citizens. This is despite the fact that the Court found that there is "conflicting evidence regarding the risks and benefits associated with gender-affirming medical care."  Dkt. 78 at 39.

With respect to Plaintiffs' due process claim, the Court first erred by framing the right at issue as "whether parents' fundamental right to care for their children includes the right to choose a particular medical treatment, in consultation with their healthcare provider, that is generally available and accepted in the medical community." Dkt. 78 at 42. The Court's framing of the issue assumes that the treatment at issue in this case is "available" even when the State of Idaho, in a lawful and constitutional exercise of its police power to regulate the medical profession, determined that the practices set forth in the statute should be unlawful, and therefore made it illegal for a doctor to perform those practices. *See* Idaho Code § 18-1506C. The Court's framing pays no respect to the legislature's regulation of medicine that the Supreme Court just a year-and-a-half ago said it should. *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228, 2283-84 ("[R]espect for a legislature's judgment applies even when the laws at issue concern matters of great social significance and moral substance.").

"It is elemental that a state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there. It is a vital part of a state's police power." *Barsky v. Bd. Of Regents of Univ. of N.Y.*, 347 U.S. 442, 449 (1954); *see also Conant v. Walters*, 309 F.3d 629, 639 (9th Cir. 2002) (stating that the "principles of federalism … have left states as the primary regulators of professional conduct," recognizing the states' "broad police powers to regulate the administration of drugs by health professionals," and recognizing that "direct control of medical practice in the states is beyond the power of the federal government") (cleaned up)

(citing *Whalen v. Roe*, 429 U.S. 589, 603 n. 30 (1977), *Linder v. United States*, 268 U.S. 5, 18 (1925)).  The Court's decision nowhere recognizes the State's police power to regulate the medical profession within its borders.  Further, Plaintiffs wholly failed to demonstrate "a 'deeply rooted' tradition of preventing governments from regulating the medical profession in general or certain treatments in particular." *L.W.*, 83 F.4th at 473.

In addition, on the Equal Protection claim, the Court erred in determining that H.B. 71 discriminates on the basis of sex and transgender status.  Dkt. 78 at 33–34.  Rather, the Court should have followed the Eleventh Circuit in finding that the law merely "targets specific medical interventions for minors," and does not "classif[y] on the basis of any suspect characteristic under the Equal Protection Clause." *Eknes-Tucker v. Governor of Ala.*, 80 F.4th 1205, 1227 (11th Cir. 2023); *accord L.W.*, 73 F.4th at 419–20.

Suffice it to say, the Court erred by "plac[ing] the matter outside the arena of public debate and legislative action." *Glucksberg*, 521 U.S. at 720.

Plaintiffs, however, condescendingly, and erroneously, characterized the Attorney General's argument on his Emergency Motion to Stay Preliminary Injunction pending appeal as asking the Court to "forsake any review of the constitutionality of state statutes." Dkt. 85 at 4.  The Attorney General's argument is simply that the Court is obligated under the federal constitution to recognize that the legislature of the State of Idaho has the authority to regulate in this area, "in truth a responsibility," *L.W.*, 73 F.4th at 419, and the Court should not substitute its preferred policy decision for the

policy making authority of the people of the State of Idaho acting through their duly elected representatives. As such, the Attorney General has shown that he is likely to succeed on the merits of his appeal.

### B. The Court erred by determining that the *Ex Parte Young* exception to Eleventh Amendment Immunity applies.

The Attorney General recognizes that the Court has ruled against him regarding his Eleventh Amendment Immunity argument, and that the Court is unlikely to agree that the Attorney General will succeed on appeal on his argument that he is immune from suit in this matter and that the *Ex Parte Young*, 209 U.S. 123 (1908), exception does not apply. Nevertheless, the Attorney General maintains that *Planned Parenthood v. Wasden*, 376 F.3d 908 (9th Cir. 2004), is distinguishable given its finding that the direct connection required to meet the *Ex parte Young* exception existed because "the attorney general may in effect deputize himself … to stand in the role of a county prosecutor, and in that role exercise the same power to enforce the statute the prosecutor would have. That power demonstrates the requisite causal connection for standing purposes." *Wasden*, 376 F.3d at 920. However, the Attorney General maintains that under Idaho law he has *no* authority to deputize himself to prosecute violations of Idaho Code § 18-1506C. Therefore, *Wasden* does not apply, and the Attorney General is immune from suit.

## II. The Attorney General will be irreparably injured absent a stay of the injunction.

The second factor for the Court to consider in determining whether to grant a stay of the injunction pending appeal is whether the Attorney General will be irreparably injured without a stay of the Court's decision. The Attorney General and the State of Idaho will be irreparably injured through the abrogation of the Attorney General's Eleventh Amendment immunity and through the injunction prohibiting the State from being able to enforce its duly enacted laws. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.") (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)); *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (stating that any "'time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'") (alterations in original) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)). While Plaintiffs argue that these are not "real-world harms," Dkt. 85 at 6, the case law says otherwise.

### III. The issuance of the stay will not injure the Plaintiffs, and the public interest lies in granting the stay.

The last two factors for the Court to consider are whether issuance of the stay will substantially injure the other parties interested in the proceeding and where the public interest lies. *Nken*, 556 U.S. at 434 (citation omitted). As stated above, when the government is a party, the last two factors merge. *Drakes Bay,* 747 F.3d at 1092 (citation omitted).  The State of Idaho, through the passage of H.B. 71, has determined that the practices at issue in this case constitute real harm to children, and therefore outlawed the practices.  *See* Idaho Code § 18-1506C(3).  That decision was within the well-recognized authority of the state legislature, and Plaintiffs do not have Equal Protection and Due Process rights to medical procedures, including ones of contested efficacy, that are traditionally the province of state regulation. *NAAP v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1050 (9th Cir. 2000); *accord Judge Rotenberg Educ. Ctr., Inc. v. FDA.*, 3 F.4th 390, 400 (D.C. Cir. 2021) (states traditionally regulate practice of medicine including "[c]hoosing what treatments are or are not appropriate for a particular condition"). The Court's injunction prohibits the State from exercising its power to protect vulnerable children, thus placing vulnerable children in harm's way.

While Plaintiffs claim specific harm by not allowing this treatment, the State of Idaho has determined that the weight of evidence shows the opposite—that vulnerable children are harmed by allowing these practices.  The Court acknowledged that evidence supports the State's determination, even as the Court disagrees with the State's

determination. Dkt. 78 at 39. Given this conflicting evidence, and the clear authority weighing in favor of the State's power to regulate these harmful practices, the balance of equities weighs in the State's favor.

## CONCLUSION

The Court should stay its injunction pending conclusion of the appeal in this case.

DATED: January 12, 2024.

                              STATE OF IDAHO
                              OFFICE OF THE ATTORNEY GENERAL

                              By:  /s/ *James E. M. Craig*
                                    JAMES E. M. CRAIG
                                    Chief, Civil Litigation and
                                    Constitutional Defense
                                    JOSHUA N. TURNER
                                    Acting Solicitor General
                                    RAFAEL DROZ
                                    Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which caused the same to be served by electronic service upon all counsel of record.

          /s/ *James E. M. Craig*
          JAMES E. M. CRAIG
          Chief, Civil Litigation and
          Constitutional Defense