RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E.M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

RAFAEL J. DROZ, ISB #9934
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
rafael.droz@ag.idaho.gov

*Attorneys for Defendant Raúl Labrador*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PAM POE**, by and through her parents and next friend, Penny and Peter Poe, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho, et al.,<br><br>    *Defendants*. | Case No. 1:23-cv-00269-BLW<br><br>**ATTORNEY GENERAL'S MOTION FOR ENTRY OF PREVIOUSLY AGREED UPON PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Attorney General hereby moves for entry of the proposed Protective Order ("Protective Order") attached hereto as Exhibit 1, which sets forth a protocol that was previously agreed to by the parties. The parties had anticipated the production of

ATTORNEY GENERAL'S MOTION FOR ENTRY OF
PREVIOUSLY AGREED UPON PROTECTIVE ORDER — 1

documents and information that a party may believe is, or may contain, confidential, proprietary, trade secret, or commercially or personally sensitive information, and which may be appropriately subject to protection under Federal Rule of Civil Procedure 26(c).

As set forth in the previously agreed to protective order, the parties had agreed that good cause exists to protect the confidential nature of the information contained in certain documents, interrogatory responses, responses to requests for admission, or deposition testimony and that entry of the protective order was warranted to protect against such disclosure of documents and information. In September 2023, the parties reached agreement on the terms of the protective order, and all that was left was for one or more parties to file a motion for entry of the protective order. This did not happen, and so the protective order, which was agreed upon in September 2023, has not yet been issued by the Court. *See* attached Ex. 2.

On July 28, 2023, the Attorney General provided notice to all parties that it was planning on serving a subpoena duces tecum upon the World Professional Association for Transgender Health, Inc. ("WPATH"), and provided a copy of the subpoena along with the notice. *See* attached Ex. 3. On October 3, 2023, in response to the subpoena the Attorney General served upon it, and with the belief that a protective order was, or soon would be, entered in this case, WPATH produced over 100,000 pages of documents to the Attorney General, each of which

was marked "Confidential."[1]  The Attorney General intends to file a motion with this Court under Fed. R. Civ. P. 62(d) to dissolve the preliminary injunction based upon, in part, certain of those documents, along with other recently released public information that goes to the reliability of the evidence the Plaintiffs used to support their motion for a preliminary injunction.  In order to produce the WPATH documents to counsel for the other parties in this case, the entry of a protective order is necessary.

This Court previously stayed this matter "pending the Ninth Circuit's resolution of the Attorney General's pending appeal." Dkt. 094.  However, under Fed. R. Civ. P. 62(d), the Court retains authority to "suspend, modify, restore, or grant an injunction" while "an appeal is pending from an interlocutory order … that grants … an injunction."  Further, while "the general rule [is] that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal," where "an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir. 1981). "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Tugaw Ranches, LLC v. United States Dep't of the Interior*, 2020 WL 61282 * 1 (D.

---

[1] The documents were produced to the Office of the Attorney General in response to identical subpoenas issued both in this case and in another case. *Roe v. Critchfield*, Case No. 1:23-cv-00315 (DCN). The other case does have a protective order issued protecting the documents.  *Id.* (Dkt 046).

Idaho 2020) (quoting *Canady v. Erbe Elektromedizin GmbH,* 271 F. Supp. 2d 64, 74 (D.D.C. 2002)).

Undersigned counsel has conferred with counsel for the other parties regarding the entry of the Protective Order. Plaintiffs' counsel has advised that they will oppose this motion for entry of a protective order, despite their agreement in September 2023 to the terms and entry of the protective order at that time; counsel for the Ada County Prosecuting Attorney has indicated that the Ada County Prosecuting Attorney does not oppose this motion. Based on the foregoing, the Attorney General respectfully requests that the Court enter the attached Protective Order as an Order of the Court.

The Attorney General further respectfully requests that this motion be heard on an expedited basis in order to allow the Attorney General to provide the WPATH documents to opposing counsel as soon as possible and to allow the Attorney General to file its motion to dissolve the preliminary injunction as soon as possible.

Dated: March 29, 2024.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: */s/ James E.M. Craig*
JAMES E. M. CRAIG
Chief, Civil Litigation and
Constitutional Defense

*Counsel for Defendant
Raúl Labrador*

ATTORNEY GENERAL'S MOTION FOR ENTRY OF
PREVIOUSLY AGREED UPON PROTECTIVE ORDER — 4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Alexia D. Korberg
akorber@paulweiss.com
mao_fednational@paulweiss.com

Ariella C. Barel
ariella.barel@groombridgewu.com

Brad S. Karp
bkarp@paulweiss.com

Casey Parsons
casey@wrest.coop

Colleen Rosannah Smith
csmith@stris.com
6969944420@filings.docketbird.com

Richard Alan Eppink
ritchie@wrest.coop

D Jean Veta
jveta@cov.com

Dana Kennedy
dkennedy@paulweiss.com

Heather M. McGarthy
hmccarthy@adacounty.id.gov
telemons@adacounty.id.gov

Jackson Cory Yates
jyates@paulweiss.com

Jordan E. Orosz
jorosz@paulweiss.com

Kyle N. Bersani
kyle.bersani@groombridgewu.com

Cortlin H. Lannin
clannin@cov.com
docketing@cov.com

Li Nowlin-Sohl
lnowlin-sohl@aclu.org

Meredith Taylor Brown
tbrown@aclu.org

Philip S. May
philip.may@groombridgewu.com

| | |
|---|---|
| Leslie Jill Cooper<br>lcooper@aclu.org<br>ccaicedo@aclu.org<br>sgarcia@aclu.org | Dayton Patrick Reed<br>dreed@adacounty.id.gov<br>civilpafiles@adacounty.id.gov<br>citedemann@adacounty.id.gov |
| Dina M. Flores-Brewer<br>dfloresbrewer@alcu.org | William Isasi<br>wisasi@cov.com |

*/s/ James E.M. Craig*
JAMES E. M. CRAIG
Chief, Civil Litigation and
Constitutional Defense