RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

RAFAEL J. DROZ, ISB #9934
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
rafael.droz@ag.idaho.gov

*Attorneys for Defendant Raúl Labrador*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| **PAM POE**, et al., | |
| *Plaintiffs,* | Case No. 1:23-cv-269-BLW |
| v. | **PROTECTIVE ORDER** |
| **RAÚL LABRADOR**, et al., | |
| *Defendants.* | |

One or more of the parties in this matter anticipates the production of documents or information that at least one party considers to be, or to contain, confidential, proprietary, trade secret, or commercially or personally sensitive

information, and that may be appropriately subject to protection under Federal Rule of Civil Procedure 26(c).

The Court finds that good cause exists to protect the confidential nature of the information contained in certain documents, interrogatory responses, responses to requests for admission, or deposition testimony. The Court finds that the entry of this Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the Attorney General's motion, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      Use of any information or documents labeled "Confidential" or "Highly Confidential: and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

2.      This Protective Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated

material satisfies the criteria set forth below. The Designating Party shall consider whether appropriate redactions can address the need for confidentiality in lieu of designating a document as confidential. If it comes to the attention of any party or non-party that discloses or produces any discovery material that designated material does not qualify for protection at all or does not qualify for the level of protection initially asserted, the designating party must promptly notify all other parties that it is withdrawing or changing the designation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  Information may be designated as "Confidential" or "Highly Confidential" as follows:

       a.      Information may be designated "Confidential" if the Designating Party claims in good faith that such information, document, or tangible item embodies, constitutes, contains, reveals, relates to, or reflects any trade secret or other proprietary or confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

       b.      Information may be designated "Highly Confidential" if the Designating Party believes that such information, document, or tangible item is so highly sensitive that disclosure of such

information must be restricted to be reviewed on a more limited basis in order to preserve Plaintiffs' anonymity. Such information shall include medical records, health records, and other medical information that may be subject to privacy and security protection under The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or other applicable U.S. data security and privacy laws or regulations. Information designated "Highly Confidential" may be reviewed as set forth in paragraph 9 below.

4.    The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential" if practical to do so. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Highly Confidential" any portion of the transcript that the party or witness contends discloses confidential information. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period, and any portion of a deposition transcript that discusses documents designated "Highly Confidential" shall be treated as "Highly Confidential" until the expiration of the thirty-day period.

5.    If portions of documents or other materials deemed "Confidential" or "Highly Confidential," or any papers containing or making reference to confidential portions of such materials are filed with the Court, they shall be filed under seal and marked according to the provisions of District of Idaho Local Civil Rule 5.3. This

Protective Order may not entitle the parties to permanently seal all documents or information marked "Confidential" filed with the Court.

6.      In seeking to file a document under seal, there is a strong presumption in the Ninth Circuit in favor of access to court records and that sealing a document from public view is the exception. In addition, the Court will evaluate any motion to seal either under a finding of good cause for non-dispositive motions or a compelling reason supported by specific facts for dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The designating party bears the burden to establish the facts necessary to seal such information or documents.

7.      If the designating party is filing with the Court documents or information that it marked "Confidential" or "Highly Confidential" it shall file a motion to seal pursuant to District of Idaho Local Civil Rule 5.3 that sets forth the specific facts necessary to justify the sealing of the documents or information. If the non-designating party is filing with the Court documents or information marked "Confidential" by another party, the non-designating party shall file a motion to seal pursuant to District of Idaho Local Civil Rule 5.3 explaining that it is not the party that designated the documents or information as "Confidential" or "Highly Confidential" and either: (a) setting forth its understanding as to why the documents or information have been designated "Confidential" or "Highly Confidential" by another party, or (b) specifically objecting to the documents or information being designated as "Confidential" or "Highly Confidential" by another party and/or

maintained under seal by the Court. If the non-designating party raises an objection or fails to adequately support the justification for sealing, the designating party may respond to the motion to seal, setting forth the specific facts necessary to justify maintaining confidentiality and filing the documents under seal.

8.     Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who are bound by the terms of this Protective Order, unless additional persons are added by the stipulation of counsel or authorized by the Court:

a.     Outside counsel of record for the parties, and the administrative staff of outside counsel's law firms.

b.     In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.     Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d.     Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

i.    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

j.    Any fact witness in this matter to whom disclosure is reasonably necessary.

k.    Any other person with the prior written consent of the designating party.

9.    Use of any information, documents, or portions of documents marked "Highly Confidential," including all information derived therefrom, shall be restricted solely to the same individuals in Paragraph 8, with the exception that individuals in Paragraph 8(c) may not access "Highly Confidential" information.

10.     Prior to being shown any documents produced by another party marked "Confidential" or "Highly Confidential," any person listed under Paragraphs 8(d), 8(i), 8(j), and 8(k) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

11.     Whenever information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition proceeding, the designating party may exclude from the room any person, other than persons designated in Paragraphs 8 and 9, as appropriate, for that portion of the deposition.

12.     Notwithstanding the above, the Court shall determine a party's right to use documents or information marked "Confidential" or "Highly Confidential" at a hearing, trial, or other proceeding in this action. The Court may also require the redaction of personal identifiers of confidential information before use at a hearing, trial, or other proceeding in this action. The designation of "Confidential" or "Highly Confidential" shall not affect the Court's determination as to whether the material shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. This Protective Order shall not govern the admission of evidence at trial in open court. Should a designating party believe that documents, materials, or information designated as "Confidential" should not be used in open court during trial, the designating party will have the burden to seek such protections from the Court prior to trial.

13.     Each party reserves the right to dispute the confidential status of documents or information claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated as "Confidential" or "Highly Confidential" by another party or subpoenaed party, that party shall confer in good faith with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to a confidential designation. If the parties cannot reach an agreement, the parties shall use the Court's informal discovery dispute process to seek a resolution, if the Court uses one. If the parties are unable to resolve the matter informally, the designating party shall file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. The designating party bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

14.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential" or limit in any way a party's ability to recall or "claw back" privileged materials that may have been inadvertently disclosed. The receiving party or its counsel shall not disclose such

documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of confidentiality claim, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

15.     Designation by either party of information or documents as "Confidential" or "Highly Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in the litigation, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

16.     Upon the request of the producing party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve and settle this case, the parties, and any person authorized by this Protective Order to receive confidential information, shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Highly Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel

for a party may retain archival copies of confidential documents including any copies which contain work-product.

17.     This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

18.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to, and use of, confidential information, or other modifications, subject to order by the Court.

19.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action.

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____        _____

B. Lynn Winmill
Senior United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **PAM POE**, et al., | |
| *Plaintiffs*, | Case No. 1:23-cv-269-BLW |
| v. | |
| **RAÚL LABRADOR**, et al., | |
| *Defendants*. | |

I, _____, have been advised by counsel of record for

_____ in the above-captioned action of the protective

order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation.  I have read a copy of the protective order

and agree to abide by its terms.

_____

Signed

_____

Printed

_____

Date