<s>

</s>
Li Nowlin-Sohl*  
(admitted only in Washington)  
Leslie Cooper*  
AMERICAN CIVIL LIBERTIES UNION  
FOUNDATION  
125 Broad St.  
New York, NY 10004  
Tel: (212) 549-2584  
lnowlin-sohl@aclu.org  
lcooper@aclu.org  


Richard Eppink (ISB no. 7503)  
Casey Parsons (ISB no. 11323)  
David A. DeRoin (ISB no. 10404)  
WREST COLLECTIVE  
812 W. Franklin St.  
Boise, ID 83702  
Tel: (208) 742-6789  
ritchie@wrest.coop  
casey@wrest.coop  
david@wrest.coop  

Brad S. Karp*  
Alexia D. Korberg*  
Jackson Yates*  
Dana L. Kennedy*  
PAUL, WEISS, RIFKIND, WHARTON &  
GARRISON LLP  
1285 Avenue of the Americas  
New York, NY 10019  
Tel: (212) 373-3000  
bkarp@paulweiss.com  
akorberg@paulweiss.com  
jyates@paulweiss.com  
dkennedy@paulweiss.com  

*Admitted *pro hac vice*


*Attorneys for Plaintiffs*


*Additional counsel for Plaintiffs identified on the following page*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **PAM POE**, et al., *Plaintiffs,* v. **RAÚL LABRADOR**, et. al., *Defendants.* | Case No. 1:23-cv-00269-BLW **PLAINTIFFS' OPPOSITION TO ATTORNEY GENERAL'S MOTION FOR ENTRY OF PREVIOUSLY AGREED UPON PROTECTIVE ORDER [DKT. NO. 95]** |

Eric Alan Stone*
Ariella C. Barel*
Kyle Bersani*
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 5th Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0030
eric.stone@groombridgewu.com
ariella.barel@groombridgewu.com
kyle.bersani@groombridgewu.com

Philip S. May*
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com


*Admitted *pro hac vice*

Jordan Orosz*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com




Paul Carlos Southwick (ISB no. 12439)
Emily Myrei Croston (ISB no. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org


*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY ....................................... 2

III. LEGAL STANDARD ......................................................................................................... 4

IV.  ARGUMENT ...................................................................................................................... 5

    A.  No Changed Circumstances Justify Lifting the Stay ............................................... 6

    B.  The Attorney General's Justification for Entering a Protective Order During the Pendency of the Appeal Is Erroneous ..................................................................... 7

    C.  There Is No Urgent Reason to Lift the Stay to Grant the Attorney General's Requested Relief ................................................................................................... 10

V.   CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Christian v. Commw. of N. Mariana Islands*,
   No. 14-cv-00010, 2016 WL 406340 (D.N. Mar. I. Feb. 2, 2016) ......................... 4, 8

*Chuman v. Wright*,
   960 F.2d 104 (9th Cir. 1992) .............................................................................. 4, 8

*CMAX Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ................................................................................... 4

*Coastal Corp. v. Tex. E. Corp.*,
   869 F.2d 817 (5th Cir. 1989) ................................................................................... 9

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982) ................................................................................................... 8

*Hopkins v. Andaya*,
   958 F.2d 881 (9th Cir. 1992), *overruled on other grounds as stated in
   Federman v. County of Kern*, 61 F. App'x 438 (9th Cir. 2003) ............................... 7

*Johnson v. Inos*,
   619 F. App'x 651 (9th Cir. 2015) (mem.) ................................................................ 4

*Labrador v. Poe*,
   No. 23A763, 601 U.S. ---, 2024 WL 1625724 (Apr. 15, 2024) (mem.) .................. 6

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*,
   686 F.2d 731 (9th Cir. 1982) ................................................................................... 8

*Nat. Res. Def. Council v. Sw. Marine Inc.*,
   242 F.3d 1163 (9th Cir. 2001) ............................................................................ 8, 9

*Poe v. Labrador*,
   No. 24-142 (9th. Cir.) ........................................................................................... 10

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*,
   204 F.3d 867 (9th Cir. 2000) ............................................................................ 9, 10

*Pueblo of Pojoaque v. State*,
   233 F. Supp. 3d 1021 (D.N.M. 2017) ................................................................... 10

*Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) .................................................................................... 7

*Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*,
   611 F.3d 483 (9th Cir. 2010) .................................................................................8, 9

*Tugaw Ranches, LLC v. U.S. Dep't of Interior*,
   No. 18-cv-159-DCN, 2020 WL 61282 (D. Idaho Jan. 6, 2020) ........................4, 5, 6

**Other Authorities**

9th Cir. R. 3-3 ....................................................................................................................11

9th Cir. R. 34-3 ..................................................................................................................11

Fed. R. Civ. P. 62 .................................................................................................................8

Fed. R. Civ. P. 62(c) .........................................................................................................8, 9

Fed. R. Civ. P. 62(d) ..................................................................................................5, 7, 8, 9

## I.    INTRODUCTION

Plaintiffs oppose the Attorney General's motion to enter a protective order while the case is stayed and the preliminary injunction is on appeal at the Ninth Circuit.  The Attorney General's motion fails to engage with the legal standard for lifting a stay, fails to show changed circumstances, fails to identify a valid reason to enter a protective order during the pendency of his appeal, and fails to show any urgency to justify entering the protective order at this time.

The Attorney General's motion for a protective order, which highlights for the Court that he will be filing a "motion to dissolve" the preliminary injunction, *see* Dkt. 95 at 3, foreshadows an attempt to improperly inject into the record confidential material from the World Professional Association for Transgender Health, Inc. ("WPATH") that was known to the Attorney General during the briefing and argument regarding Plaintiffs' preliminary injunction motion.  The Court's limited authority to modify an injunction that is the subject of an appeal does not allow for a motion to dissolve or vacate that injunction.  And it is abundantly clear that no urgency exists here; the Attorney General has had this evidence for *six months* and has only recently advised this Court and Plaintiffs' counsel that he had received documents from WPATH, despite prior representations that no documents would be produced by WPATH *until* a protective order was in place.

Simply put, the Attorney General, having received documents in response to a subpoena, chose to conceal that he had received the evidence and chose not to timely offer that evidence when opposing Plaintiffs' preliminary injunction motion last fall.  The Attorney General cannot now transform this six-month-old production into "new evidence" to justify lifting the stay, entering a protective order, and filing an impermissible "motion to dissolve" the preliminary injunction that is the subject of his appeal.  The parties can address any issues regarding a protective order and further issues related to fact discovery after the Ninth Circuit rules on the Attorney General's appeal and issues its mandate.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The timeline of the events leading to the Attorney General's receipt of documents from WPATH and the briefing on Plaintiffs' preliminary injunction motion are critical to a full understanding of the Attorney General's motion.

Plaintiffs moved for a preliminary injunction on July 21, 2023, *see* Dkt. 32, pursuant to an agreed-upon briefing schedule, *see* Dkt. 27.  Shortly thereafter, the Attorney General notified Plaintiffs that he would be issuing a subpoena for documents to WPATH, with a date of compliance of August 14, 2023.  *See* Dkt. 95-3.  The day after the date of compliance, the Attorney General notified Plaintiffs that WPATH had "commit[ted] to producing the documents" responsive to the subpoena "***subject to the entry of a protective order***."  Ex. A at 1 (8/15/23 email L. Wilson to L. Nowlin-Sohl) (emphasis added).[1]  Accordingly, the Attorney General asked Plaintiffs to consent to the entry of a protective order, and Plaintiffs provided a proposed markup of the order. *See id.* (8/19/23 email A. Korberg to L. Wilson).  The Attorney General did not respond to Plaintiffs' revisions for several weeks, finally responding only after he filed his opposition to Plaintiffs' preliminary injunction motion.

After admitting that the Attorney General's office had gotten "crossed wires" on the issue, the Attorney General resumed negotiations on the form of a protective order.  *See* Ex. B at 14 (9/7/23 email L. Wilson to P. May).  Those conversations continued for several weeks, *see id.* at 9–14 (various emails), and after agreeing to the form of a protective order on September 27, 2023, Plaintiffs asked the Attorney General: "Will you handle filing or would you like us to?"  *Id.* at 9 (9/27/23 email P. May to L. Wilson).  The Attorney General never responded.

---

[1] "Ex. __" refers to exhibits attached to the Declaration of Philip S. May in Support of Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order, submitted herewith.

2

Unbeknownst to Plaintiffs, on October 3, 2023, the Attorney General received production of documents from WPATH responsive to the subpoena. *See* Dkt. 95 at 2. On October 3, 2023, the parties were still actively briefing Plaintiffs' preliminary injunction motion and a hearing on the motion was still over a month away. Plaintiffs filed a reply in support of their motion on October 13, *see* Dkt. 70, the Attorney General filed a sur-reply in opposition to Plaintiffs' motion on October 27, *see* Dkt. 71, and the Court heard oral argument on both Plaintiffs' motion and the Attorney General's own motion to dismiss based on Eleventh Amendment sovereign immunity on November 6, *see* Dkt. 75, 76. The Court granted Plaintiffs' preliminary injunction motion and denied the Attorney General's motion to dismiss in a written opinion and order on December 26, 2023. *See* Dkt. 78. At no point while the motions were being briefed, argued, or considered by the Court did the Attorney General advise either the Court or Plaintiffs that the Attorney General had received evidence that he believed would bear on Plaintiffs' motion.

Indeed, Plaintiffs did not find out about this production until almost six months later on March 26, 2024. *See* Ex. B at 6–7 (3/26/24 email R. Droz to P. May). It was only when the Attorney General—seemingly out of nowhere—requested that the parties agree to enter a protective order that the Attorney General finally informed Plaintiffs that WPATH made a production and advised that he "intend[ed] to use some of those documents in connection with a sealed motion to dissolve the preliminary injunction." *Id.* But even though the Attorney General received these documents without a protective order in place, the Attorney General refused—and continues to refuse—to produce any of the documents from WPATH without this Court entering a protective order. *See id.* at 5 (3/26/24 email R. Droz to P. May). It was only after several further inquiries and a meet-and-confer that the Attorney General even confirmed to Plaintiffs that the WPATH documents had been produced back on October 3, 2023. *See id.* at 3 (3/27/24 email J.

3

Craig to P. May). His office told Plaintiffs' counsel that it took them nearly six months just to review all of these documents, all while Plaintiffs' counsel did not even know they existed. *Id.* at 2 (3/28/24 email P. May to J. Craig).

After the Court granted Plaintiffs' motion for a preliminary injunction and denied the Attorney General's motion to dismiss, the Attorney General noticed an appeal of both decisions, *see* Dkt. 79, and moved on an emergency basis to stay the injunction pending appeal, *see* Dkt. 80. In the Attorney General's supporting memorandum for the emergency stay, he told the Court that "[t]he appeal of the Court's decision regarding the Eleventh Amendment immunity issue divests this Court of authority to conduct further proceedings." Dkt. 80-1 at 2 (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), and *Christian v. Commw. of N. Mariana Islands*, No. 14-cv-00010, 2016 WL 406340, at *2 (D.N. Mar. I. Feb. 2, 2016)). The Court denied this motion. Dkt. 88. The other principal defendant in this action, the Ada County Prosecuting Attorney, did not notice an appeal. On January 31, 2024, Plaintiffs, the Attorney General, and the Ada County Prosecuting Attorney all agreed to the entry of a stay of proceedings in this case while the Attorney General's appeal was pending, long after the Attorney General had received the WPATH documents. *See* Dkt. 94.

### III.   LEGAL STANDARD

"In imposing or lifting a stay, courts weigh the 'hardship or inequity' to the parties and 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Tugaw Ranches, LLC v. U.S. Dep't of Interior*, No. 18-cv-159-DCN, 2020 WL 61282, at *1 (D. Idaho Jan. 6, 2020) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Further, it is appropriate for the Court to require a showing of "changed circumstances" as a prerequisite for lifting the stay. *See Johnson v. Inos*, 619 F. App'x 651 (9th Cir. 2015) (mem.).

## IV. ARGUMENT

The Attorney General fails to identify the legal standard that would allow the Court to lift the stay here, let alone attempt to meet that standard. And whatever justification the Attorney General does offer is utterly insufficient under the law.

No changed circumstances justify lifting the stay to allow the Attorney General's motion. Further, the Attorney General's proffered justification of needing the protective order in order to file a "motion to dissolve" pursuant to Rule 62(d) is erroneous, *see* Dkt. 95 at 3, as a motion to dissolve the preliminary injunction is not permitted under Rule 62(d) while that preliminary injunction is on appeal. What the Attorney General is really doing is surreptitiously attempting to improperly expand the scope of the trial court record while there is a pending appeal of the preliminary injunction. Lifting the stay now to permit for the entry of a protective order to facilitate briefing on a procedurally impermissible motion, injecting an untold number of documents—that Plaintiffs have yet to see but that counsel for the Attorney General said took them nearly six months to review, *see* Ex. B at 2 (3/28/24 email P. May to J. Craig)—would disrupt "the orderly course of justice." *Tugaw Ranches*, 2020 WL 61282, at *1.

The Court should deny the motion and wait to entertain the Attorney General's motion until after the Ninth Circuit issues its mandate on his appeal. Once the appeal of the *preliminary* injunction is resolved, the parties can proceed with full discovery and ultimately a trial on the merits where all of the Attorney General's defenses to Plaintiffs' claims can be fully explored and adjudicated.

### A. No Changed Circumstances Justify Lifting the Stay

As relevant to the Attorney General's motion, the facts of this case are today as they were when the Court ordered a preliminary injunction.[2]  "The purpose of the stay in this case has yet to be accomplished.  No circumstances have changed." *Tugaw Ranches*, 2020 WL 61282, at *1.  As detailed above, the evidence from WPATH that the Attorney General references in his motion has been in the Attorney General's possession *since October 3, 2023*—nearly six months before the Attorney General reached out to Plaintiffs about the present motion, three weeks before the Attorney General submitted his final brief regarding Plaintiffs' preliminary injunction motion, and more than a month before the Court held a hearing on the then-pending motions.  The Attorney General's decision to suddenly inform Plaintiffs and the Court of the evidence is not a changed circumstance that can justify lifting the stay.

If the Attorney General truly believed that the evidence from WPATH was of such importance and gravity that it justifies dissolution of this Court's preliminary injunction order before a reviewing court has had the opportunity to weigh in, the Attorney General should have notified both this Court and Plaintiffs' counsel when the evidence was first received.  Instead, the Attorney General sat on the evidence for six months, only to then inform Plaintiffs that he intended to "use some of [the WPATH documents] in connection with a sealed motion to dissolve the preliminary injunction."  Ex. B at 6 (3/26/23 email R. Droz to P. May).

---

[2] The Supreme Court recently issued an order narrowing the injunction to just the named plaintiffs. *See Labrador v. Poe*, No. 23A763, 601 U.S. ---, 2024 WL 1625724 (Apr. 15, 2024) (mem.).  That order does not constitute a changed circumstance for the purposes of the Attorney General's forthcoming motion, which seeks to lift the stay in order to file a motion to dissolve the preliminary injunction that currently protects Plaintiffs.  Plaintiffs reserve all rights to argue that the Supreme Court's order may constitute a changed circumstance for purposes other than lifting the stay in order to permit the filing of a motion to dissolve the injunction.

6

This is hardly "new evidence" as the Attorney General has contended. *See* Ex. C at 2 (4/3/24 email J. Craig to M. Smith). "[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Hopkins v. Andaya*, 958 F.2d 881, 887 n.5 (9th Cir. 1992) ("A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court."), *overruled on other grounds as stated in Federman v. County of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003).

In short, the only developments since the entry of the stay are (1) the Attorney General has had **more** time to review the documents it received from WPATH, and (2) the Attorney General has finally informed Plaintiffs' counsel and the Court that it received documents from WPATH. Neither constitutes a changed circumstance, and neither justifies lifting the stay. Absent this preliminary showing, the Court should deny the motion to enter a protective order while the case is stayed.

### B.     The Attorney General's Justification for Entering a Protective Order During the Pendency of the Appeal Is Erroneous

The Attorney General justifies needing a protective order right now on the basis that he "intends to file a motion with the Court under Fed. R. Civ. P. 62(d) to dissolve the preliminary injunction" and will be relying on the WPATH documents. Dkt. 95 at 3. However, there is no such motion allowed under Rule 62(d) given that jurisdiction over the preliminary injunction has passed to the Court of Appeals by the nature of the Attorney General's appeal. Instead, it seems that the Attorney General would use this procedurally infirm motion to bring the WPATH documents into the trial court record now during the pendency of his appeal of the preliminary

injunction. Moreover, the WPATH documents can hardly be considered "new evidence" when they have been in the Attorney General's possession for more than six months, as detailed above.

*First*, it is beyond dispute that the Attorney General's appeal has divested this court of jurisdiction for matters that are on appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*, 611 F.3d 483, 495 (9th Cir. 2010).[3]

*Second*, the Attorney General's contemplated motion is procedurally infirm. Although Rule 62(d)[4] presents an exception to the general rule divesting the district court of jurisdiction over matters on appeal, it is limited: "[t]he district court retains jurisdiction during the pendency of an appeal to act to **preserve the status quo**." *Nat. Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted) (emphasis added). As the Ninth Circuit has held, Rule 62(d) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" *Id.* (quoting *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)). The court further

---

[3] In addition, the Attorney General noticed an appeal of the Court's denial of his motion to dismiss based on Eleventh Amendment sovereign immunity, Dkt. 79, and argued that an interlocutory appeal dealing with Eleventh Amendment sovereign immunity "divests this Court of authority to conduct further proceedings." Dkt. 80-1 at 2 (citing *Chuman*, 960 F.2d at 105; *Christian*, 2016 WL 406340, at *2). Although the Attorney General's argument with respect to the Eleventh Amendment and its effect on this Court's jurisdiction is undermined by the fact that he makes no mention of the Eleventh Amendment or sovereign immunity in any of his briefs on appeal, he fails to address—let alone reconcile—this alleged divestment of jurisdiction with his current motion.

[4] The provisions of Rule 62(d) were identified as Rule 62(c) prior to a 2018 reorganization of the Rule. *See* Fed. R. Civ. P. 62, Committee Notes to 2018 Amendment. References in case law prior to 2018 to Rule 62(c) apply now to Rule 62(d).

8

cautioned that "any action taken pursuant to Rule 62(c) may not materially alter the status of the case on appeal." *Id.* (internal quotation marks and citation omitted); *see also Small*, 611 F.3d at 495.  And the law is clear that the relevant "status quo" is the status quo **at the time of the appeal**. *See, e.g.*, *Small*, 611 F.3d at 495 (reversing a modification to a preliminary injunction that expanded the rights of the appellant during the appeal); *Sw. Marine*, 242 F.3d at 1166–67, 1169 (affirming a modification to an injunction that preserved "[t]he status quo as of the filing of [appellant]'s consolidated appeal" where the modifications clarified the injunction and "did not materially alter the status of the consolidated appeal").

Yet this is precisely what the Attorney General indicates he will be doing—asking this Court to "adjudicate anew the merits" of the preliminary injunction and thus "materially alter the status of the case on appeal."  Nothing could more materially alter the status of the appeal at the Ninth Circuit than a dissolution of the preliminary injunction being appealed.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (affirming "the district court's decision that it lacked jurisdiction to consider [appellant's] motion to vacate the preliminary injunction").

*Finally*, Rule 62(d) does not allow for a motion to "dissolve" an injunction.  Rule 62(d) gives the court the limited authority to "**suspend, modify, restore, or grant**" an injunction while there is an appeal from "an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction."  *See* Fed. R. Civ. P. 62(d) (emphasis added).  The use of "'suspend' rather than 'dissolve'" with respect to the Court's authority to modify an injunction pending appeal speaks volumes, as "[t]he drafters were obviously aware of the distinction between a suspension and a dissolution, as they had spoken to dissolutions just one line before." *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989) (cited with

9

approval in *Prudential Real Estate*, 204 F.3d at 880); *see also Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1091 (D.N.M. 2017) ("[T]he pendency of an interlocutory appeal from a PI divests the court of its jurisdiction to vacate or dissolve the injunction."). And even if this motion were somehow permitted, the Attorney General has no basis for moving to dissolve the injunction based on "new evidence" for the reasons discussed above. *See* Section IV.A, *supra*.

Lifting the stay now to enter a protective order to facilitate the Attorney General filing this procedurally impermissible motion would not promote the orderly course of justice in terms of simplifying the issues. Instead, it would just allow the Attorney General to file his motion with a large volume of sealed materials attached to relitigate the preliminary injunction while his appeal remains pending at the Ninth Circuit.

  **C.** **There Is No Urgent Reason to Lift the Stay to Grant the Attorney General's Requested Relief**

Finally, despite the breathless nature of the Attorney General's motion, there is no urgency to enter this protective order, which this Court has already recognized in denying the Attorney General's embedded request to expedite briefing. *See* Dkt. 97 at 2 ("Nothing persuades the Court that this is an urgent matter."). The Attorney General's purported basis for urgency during the parties' meet-and-confer was that the Attorney General wants to enforce H.B. 71. This, however, has been the Attorney General's position since the outset of this litigation and does not provide any new basis for urgency now.

As explained above, the Attorney General has had the WPATH documents for more than six months at this point. The parties have fully briefed the Attorney General's appeal at the Ninth Circuit and should have an answer on the appeal in a matter of months. The appeal is slated to be set for oral argument in either July or August 2024. *See* Ex. D (*Poe v. Labrador*, No. 24-142 (9th. Cir.) docket) at Dkt. 53. And the Ninth Circuit rules give priority to appeals of preliminary

10

injunctions. *See* 9th Cir. R. 3-3, 34-3. The parties should await the mandate and return of jurisdiction to this Court before proceeding further.

## V. CONCLUSION

The Attorney General fails to meet the standard to justify lifting the stay in this case to enter a protective order. Plaintiffs respectfully request that the Court deny the motion without prejudice to be entertained once the Ninth Circuit has issued its mandate on the Attorney General's appeal.

Dated April 19, 2024

Respectfully submitted,

*/s/ Richard Eppink*
Richard Eppink

Li Nowlin-Sohl
(admitted only in Washington)
Leslie Cooper
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org


Richard Eppink (ISB no. 7503)
Casey Parsons (ISB no. 11323)
David A. DeRoin (ISB no. 10404)
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop
casey@wrest.coop
david@wrest.coop

Brad S. Karp
Alexia D. Korberg
Jackson Yates
Dana L. Kennedy
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com
jyates@paulweiss.com
dkennedy@paulweiss.com

Jordan Orosz
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

11

| | |
|---|---|
| Eric Alan Stone<br>Ariella C. Barel<br>Kyle Bersani<br>GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP<br>565 5th Avenue, Suite 2900<br>New York, NY 10017<br>Tel: (332) 269-0030<br>eric.stone@groombridgewu.com<br>ariella.barel@groombridgewu.com<br>kyle.bersani@groombridgewu.com<br><br>Philip S. May<br>GROOMBRIDGE, WU, BAUGHMAN AND STONE LLP<br>801 17th St. NW, Suite 1050<br>Washington, DC 20006<br>Tel: (202) 505-5830<br>philip.may@groombridgewu.com | Paul Carlos Southwick (ISB no. 12439)<br>Emily Myrei Croston (ISB no. 12389)<br>ACLU OF IDAHO FOUNDATION<br>P.O. Box 1897<br>Boise, ID 83701<br>Tel: (208) 344-9750<br>psouthwick@acluidaho.org<br>ecroston@acluidaho.org<br><br>*Attorneys for Plaintiffs* |