UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAM POE, by and through her parents and next friends, Penny and Peter Poe; PENNY POE; PETER POE; JANE DOE, by and through her parents and next friends, Joan and John Doe; JOAN DOE, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00269-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Attorney General Raúl Labrador's Motion for Entry of Previously Agreed Upon Protective Order (Dkt. 95). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiffs filed this action in May 2023. The lawsuit challenges the constitutionality of Idaho's Vulnerable Child Protection Act, which was slated to take effect on January 1, 2024. On December 26, 2023, however, this Court granted plaintiffs' motion for a preliminary injunction. The injunction prevented

Attorney General Labrador and the Ada County Prosecutor from enforcing any provision of the Act during the pendency of this action. The case then took a quick trip to the Ninth Circuit and the United States Supreme Court. The Attorney General appealed the Court's injunction order, and in January 2024, the Ninth Circuit denied the Attorney General's motion to stay the injunction pending appeal. *See Jan. 30, 2024 Order,* Dkt. 91. A few months later, in April 2024, the Supreme Court partly granted Mr. Labrador's emergency motion to stay the injunction. *See Labrador v. Poe*, 144 S. Ct. 921 (2024). The Supreme Court restricted the scope of the statewide preliminary injunction to the plaintiffs. More specifically, the Court held that the minor plaintiffs may continue to be provided with the treatments they seek during the pendency of this action. Otherwise, defendants are free to enforce the Vulnerable Child Protection Act. In the coming weeks, the Ninth Circuit will consider Mr. Labrador's appeal of the Court's preliminary injunction order. The matter has been briefed and oral argument is scheduled for August 21, 2024.

      Meanwhile, back in district court, things have been quiet. Shortly after the Attorney General filed his interlocutory appeal, the parties agreed to stay the proceedings at the district-court level until the Ninth Circuit had a chance to consider and resolve the appeal. *See Jan. 31, 2024 Stay Order,* Dkt. 94. But on March 29, 2024—some two weeks before the Supreme Court limited the

injunction to the plaintiffs—the Attorney General filed the currently pending motion. Plaintiffs say that, from their perspective, the motion came out of nowhere. The ultimate aim of the Attorney General's motion isn't limited to seeking this Court's approval of a previously agreed-upon protective order. Rather, the Attorney General wishes to pave the way to file a motion to "dissolve" the preliminary injunction, which, of course, is the very order the Ninth Circuit is currently considering.

## GOVERNING LEGAL STANDARDS

Two legal standards are implicated by the Attorney General's motion: (1) the standard relevant to stays; and (2) the standard relevant to a district court's ability to modify a preliminary injunction order that is being appealed.

**1. Imposing or Lifting a Stay of Proceedings**

Beginning with the standard governing stay orders, a district court's power to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Similarly, a court has the "inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002). In imposing or lifting a stay, courts weigh three factors, which are sometimes referred to as the *Landis* factors: "[1] the possible damage which may result from the granting [or

lifting] of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). More broadly, whether to lift a stay is committed to a district court's discretion, and, in considering a motion to lift a previously imposed stay, the district court may consider whether circumstances have changed such that its reasons for imposing the stay no longer exist. *See Johnson v. Inos*, Civil Case No. 09-00023, 2013 WL 12210763, at *2, *aff'd*, 619 Fed. Appx. 651 (9th Cir. 2015) (on appeal, the Ninth Circuit observed that the district court "did not err by requiring a showing of 'changed circumstances' as a prerequisite for lifting the stay").

## 2. Modifying An Injunction Order That Has Been Appealed

Turning to the Court's ability to modify a preliminary injunction order that has been appealed, the most basic principle is that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*, 611 F.3d 483, 495 (9th Cir. 2010). The rationale for this

limitation is that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," because doing so produces a "danger [that] a district court and a court of appeals w[ill] be simultaneously analyzing the same judgment." *Griggs*, 459 U.S. at 58–59. Still, though, filing a notice of appeal doesn't completely divest a district court of jurisdiction to modify a preliminary injunction order. Under Federal Rule of Civil Procedure 62(d), a district court, during the pendency of an appeal from an interlocutory order that "grants, dissolves, or denies an injunction," is authorized to "suspend, modify, restore, or grant an injunction ...." Fed. R. Civ. P. 62(d). This authorization is narrowly construed, however. *See Griggs*, 459 U.S. at 58. Once an appeal from a preliminary injunction has been filed, the district court may generally not alter the injunction "except to maintain the status quo of the parties pending the appeal." *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (citing *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819–20 (5th Cir. 1989)). Thus, the Court is prohibited from granting relief regarding the preliminary injunction that divests the appellate court of its jurisdiction by eliminating or materially altering the controversy. *See, e.g., Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 463–64 (3d Cir. 1989). It follows, then, that the pendency of an interlocutory appeal from a preliminary injunction divests the district court of jurisdiction to vacate or dissolve the injunction. *See*

*Coastal Corp*, 869 F.2d at 821 (holding that "the district court lacked authority to dissolve the injunction" because of a pending appeal).

## DISCUSSION

**1.     The Planned Dissolution Motion**

As noted above, and as explained further in the briefing, the Attorney General's central aim in filing this motion is to pave the way for a later motion to dissolve this Court's preliminary injunction order. The Attorney General intends to support that motion with new or different evidence than that put forward before. But for the reasons just explained, district courts do not have free rein to modify an injunction order that has been appealed—even if the moving party comes forward with new or different evidence or arguments. The reason is simple: District courts cannot "change the order appealed from on the basis of new arguments or new evidence. Procedural chaos would result if appellate and district courts attempted to exercise jurisdiction simultaneously." Karen L. Stevenson & James E. Fitzgerald, *Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial (Cal. and 9th Cir. ed.)* ¶ 13:224.5 (*citing Coastal Corp.*, 869 F2d at 820-21 *and Flynt Distrib. Co. v. Harvey*, 734 F2d 1389, 1392 n.1 (9th Cir. 1984)). And the motion the Attorney General plans to bring is not to keep the status quo in place. Just the opposite, as he wants the Court to entirely dissolve the injunction.

The plaintiffs pointed out the problems with the Attorney General's planned

dissolution motion at some length in their response brief. *See Response,* Dkt. 99, at 10, 12-15 (arguing that the Court should decline to lift the stay to facilitate briefing on a procedurally impermissible motion). On reply, the Attorney General chided plaintiffs for ruminating about a motion that hasn't even been filed yet. He urges the Court to ignore the yet-to-be filed motion for the time being and instead focus solely on the request to approve the parties' previously agreed-upon protective order. *See Reply*, Dkt. 100, at 1-2. Specifically, he says he "is not requesting a wholesale lifting of the stay" and that "[t]o the extent the lifting of the stay is necessary, it is for the singular, and limited purpose of entering a previously agreed upon protective order under F.R.C.P. 26(c)." *Reply,* Dkt. 100, at 4. But in the next breath, the Attorney General says that "[e]ntering this agreed upon protective order will simplify the presentation of evidence in support of the Rule 62(d) motion by allowing the Attorney General to provide the subpoenaed WPATH documents to all parties." *Id.* (footnote omitted).[1]

---

[1] In a footnote, the Attorney General says this: "Plaintiffs agree that a motion under Rule 62(d) is not affected by the stay, writing that 'Rule 62(d) presents an exception to the general rule divesting the district court of jurisdiction over matters on appeal,' . . . ." *Reply*, Dkt. 100, at 4 n.2. The Court does not agree with this assessment of plaintiffs' position. As the Court reads the briefing, plaintiffs were talking about a district court's *jurisdiction* to consider matters on appeal, not the separate issue of whether the Attorney General would need to obtain relief from the stay before filing his contemplated motion to dissolve the preliminary injunction. In this Court's view, the Attorney General would need to obtain relief from the stay before filing a motion to dissolve the preliminary injunction. For the reasons explained in this Order, the Court declines to grant such relief.

MEMORANDUM DECISION AND ORDER - 7

The Court will decline the invitation to close its eyes to the planned dissolution motion in determining whether to lift the stay. After all, the Attorney General doesn't want to lift the stay for the sole purpose of getting the protective order in place and getting documents over to plaintiffs. If *that* was all the Attorney General wanted, it seems likely that the plaintiffs would be agreeable. But the Attorney General expressly stated in his motion that he wants to get that protective order in place so that he can file a motion to dissolve the injunction as soon as possible. For the reasons already explained, the Court does not intend to lift the stay for that purpose because it "lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties." *Prudential Real Estate Affiliates, Inc.*, 204 F.3d at 880 ; *see also* 15 Fed. Prac. & Proc. Juris. § 3921.2 (3d ed.) § 3921.2 (observing that the apparent force of Federal Rule of Civil Procedure Rule 62(d) "has been restricted by a gloss that limits the district court to acts designed to 'preserve the status quo.'"). Accordingly, in evaluating the *Landis* factors, the Court will not focus solely on the requested protective order but will additionally consider whether it should lift the stay so that the Attorney General can file the dissolution motion.

2. **The *Landis* Factors**

The first two *Landis* factors call upon the Court to balance the hardships if the action is stayed or if the litigation proceeds. The Court finds that these factors

weigh in favor of keeping the stay in place. When this Court initially floated the idea of staying the litigation, no party indicated that it would suffer harm by virtue of a stay. That is particularly notable because, at the time, the Court's preliminary injunction was effective statewide. At this point, the injunction has been limited to the plaintiffs, so any hardship suffered by defendants has been significantly lessened. In his briefing, the Attorney General acknowledged that the urgency of the request to lift the stay has lessened somewhat, at least temporarily. He says, "While this order from the U.S. Supreme Court is welcome relief to the State of Idaho, lessening the urgency of the State's motion by allowing the State to again protect its most vulnerable citizens from the harmful procedures banned by the VCPA, it is only temporary relief." *Reply*, Dkt. 100, at 3. The Attorney General points out that the Ninth Circuit might reinstate the statewide preliminary injunction. The Court will cross that bridge if and when it materializes. Further, if the preliminary injunction were to be reinstated statewide, the Court believes the speedier path forward would be to push this case along toward a trial.

As for the second factor—the harm in forging ahead—the Court is concerned about the Attorney General's planned motion for the reasons already described. In short, the Court doubts it has jurisdiction to simply dissolve or vacate the injunction. And, aside from that, neither side has indicated it wishes to forge ahead in an effort to prepare the case for trial. Rather, it appears that, as was the

MEMORANDUM DECISION AND ORDER - 9

case back in January when the Court entered the stay, the parties are content to wait for guidance from the Ninth Circuit.

Turning to the third factor, which relates to the orderly administration of justice, this factor weighs heavily in favor of leaving the stay in place. Indeed, this this factor was a key driver in the Court's initial decision to enter a stay. Granted, "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Indeed, the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction" because preliminary injunctions often involve a limited review of the factual record and "may provide little guidance as to the appropriate disposition on the merits." *California v. Azar*, 911 F.3d 558, 583-84 (9th Cir. 2018). But in this case, the parties presented the Court with a significantly developed factual record (including hundreds of pages of declarations, deposition transcripts, and exhibits) in connection with the motion for a preliminary injunction, and all parties declined to present live evidence at the injunction hearing. On top of that, Attorney General Labrador argued that he is immune from suit, which independently counsels in favor of a stay. *See Andrade Rico v. Beard,* No. 2:17-CV-1402-KJM-DBP, 2019 WL 4127206, at *8 (E.D. Cal. Aug. 30, 2019)

(staying proceedings pending interlocutory appeal where merits of plaintiffs' claims were intertwined with questions of qualified immunity on appeal).

More broadly, the complexity of the constitutional issues involved with the Court's ruling make it likely that the Ninth Circuit's opinion will guide this Court's future analysis. After all, plaintiffs are seeking a permanent injunction, which is similar to the relief granted by the preliminary injunction. Given the substantial overlap of the legal issues and the relief sought, awaiting a decision by the Ninth Circuit will minimize the risk of inconsistent judgments. Also relevant to this factor, the Court had judicial economy in mind when it granted the stay. This Court is an extraordinarily busy one and has scarce judicial resources. It is therefore critical for this Court to manage its cases with efficiency and economy in mind.

For all these reasons, the Court will decline to lift the stay and will instead wait for a ruling from the Ninth Circuit.

## ORDER

**IT IS ORDERED that** Defendant Attorney General Labrador's Motion for Entry of Previously Agreed Upon Protective Order (Dkt. 95) is **DENIED.**

DATED: July 31, 2024

B. Lynn Winmill
U.S. District Court Judge